303 So.2d 564 (1974)
LOUISIANA TEACHERS' ASSOCIATION et al.
v.
ORLEANS PARISH SCHOOL BOARD et al.
No. 6709.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1974.
Rehearing Denied November 21, 1974.
Writ Refused January 10, 1975.
*566 Sanders, Miller, Downing & Kean, William R. D'Armond and John Dale Powers, Baton Rouge, for plaintiffs-appellants.
Kullman, Lang, Inman & Bee, Frederick A. Kullman and Walter W. Christy, Polack, Rosenberg, Rittenberg & Endom, Samuel I. Rosenberg, New Orleans, for defendants-appellees.
John F. Ward, Jr., Baton Rouge, for Louisiana School Boards Association, Amicus-Curiae on behalf of plaintiffs-appellants.
Nelson, Nelson & Lombard, John P. Nelson, Jr., New Orleans, for intervenor-appellee, United Teachers of New Orleans.
Dodd, Barker, Boudreaux, Lamy & Gardner, C. Paul Barker, New Orleans, for intervenor-appellee, Louisiana AFL-CIO.
Nelson, Nelson & Lombard, Edwin A. Lombard and Stephen M. Cohen, New Orleans, for intervenor-appellee, Louisiana Federation of Teachers.
Before SAMUEL, LEMMON and MORIAL, JJ.
LEMMON, Judge.
Plaintiffs have appealed from a judgment dismissing their suit to enjoin the Orleans Parish School Board from holding an election among teachers and other designated employees in allied professions to select an exclusive collective bargaining agent.[1] The principal issue in this court is whether the Board has the power and authority to engage in collective bargaining in the absence of specific legislation.
In April, 1974 the Board voted to hold an election to recognize a collective bargaining *567 agent for certain designated employees "within the limits established by the laws of the State of Louisiana * * *."
In September, 1974 the Board adopted a resolution which established the rules for the election. The resolution expressed the Board's willingness to negotiate and enter into bargaining agreements with the agent with respect to "wages, hours and working conditions of such employees, provided such negotiations and agreements do not impinge upon the exercise by this Board of inherent management policy * * *." The resolution further provided that "individual employees shall at all times have the right to present their grievances in person or through an attorney of their choice to this Board or its administrative officer * * *."
The only labor organization scheduled to appear on the ballot is the United Teachers of New Orleans (UTNO), an intervenor in these proceedings.[2] The ballot will allow the teachers to choose between representation by UTNO or no representation.[3]
After the case was submitted on stipulations, the trial court refused to enjoin the election.
Admittedly, there is no constitutional or statutory authority expressly empowering a school board to engage in collective bargaining.
On the other hand, there is no positive law prohibiting a school board or other public agency from recognizing a collective bargaining agent for its employees.
While plaintiffs argue that the Board should have express power to engage in collective bargaining, they additionally contend this power cannot reasonably be implied from those powers which are delegated to the Board.
The Board has the statutory authority to determine the number of teachers to be employed, to select such teachers, to hire them and to fix their salaries, as well as to determine the number and location of schools. R.S. 17:81, 17:122. The Board is further authorized to make rules and regulations for its own government, not inconsistent with law or with the regulations of the Louisiana State Board of Education.
We hold that a school board, incidental to its statutory duties above enumerated, has the power and authority to collectively bargain with an agent selected by the employees, if the Board determines in its discretion that implementation of collective bargaining will more effectively and efficiently accomplish its objectives and purposes. In our opinion the Board can select reasonable means to carry out its duties and responsibilities incidental to the sound development of employer-employee relations, as long as the means selected are not prohibited by law or against public policy.
The expressed public policy of Louisiana encourages self-organization by employees and collective bargaining in the private sector. R.S. 23:822. We see no reason founded on public policy why collective bargaining should not be allowed in the public sector, when the public employer in its discretion has willingly decided to utilize this method of conducting its *568 labor relations.[4] In this suit we are not faced with the question of whether the public employer can be compelled to bargain collectively. Rather, this suit attacks the Board's discretion in deciding to do so. While the plaintiffs argue, for example, that collective bargaining creates conditions conducive to strikes and work stoppages, this argument and others advanced by plaintiff essentially question the wisdom of the Board's action. It is not within the judicial function to examine or pass upon the wisdom of the Board's action, and we specifically decline to do so. The principal question before us is one of basic power, not one as to the wisdom of exercising that power.[5] We believe the Board has the power and authority to conduct its employee relations, within the limits established by existing law, through a representative chosen by its employees.
Plaintiffs further contend that permitting a union to take part in the Board's decisional process is an unlawful delegation of power. We disagree. Collective bargaining is designed to lead to the making of agreements. The Board, however, has only decided to bargain collectively with respect to terms and conditions; it retains the right of final decision as to what terms and conditions it will agree to. Indeed, it retains the right to decide not to agree at all.[6]
Inasmuch as the Board has not surrendered any decision-making authority, we conclude there has been no unlawful delegation.
Neither does collective bargaining violate R.S. 17:413's requirement of individual contracts, as plaintiffs contend. The statute is designed to protect the individual teacher, not to prohibit bargaining on behalf of the teacher. There is no showing that the individual contract requirement will be abrogated.
As to plaintiff's alternative contention with regard to recognition of an exclusive bargaining agent, we hold this authority is encompassed within the implied authority to engage in collective bargaining. When the Board decided to engage in collective bargaining it could also reasonably decide to recognize an exclusive agent, as long as (1) the agent was chosen by a majority of the unit members and (2) the exclusive recognition did not preclude individual teachers from presenting complaints, suggestions and grievances to the Board.
The Board apparently decided that exclusive recognition will eliminate the pressure on all parties resulting from inter-union competition and will accomplish greater harmony and productivity in labor relations. As long as the exclusive agent represents all employees impartially, without respect to union membership, and the other safeguards are preserved, we find no abuse of discretion by the Board.
Neither do we find the Board abused its discretion by providing for selection of an agent by a majority of the votes cast, rather than by a majority of all members of the unit. A requirement of approval by a specified majority of those participating in an election reasonably presumes that this majority of the votes cast expresses the will of the majority of those eligible to vote. Furthermore, the purpose of the Boardto have the employees make *569 a decision on selecting their representative would be frustrated by voter indifference, if no majority of the membership of the unit voted either for UTNO or for no representation.
We further find no merit in plaintiffs' argument that recognition of collective bargaining will impose an additional qualification on teachers, namely, that they be represented by UTNO. In calling an election to select a representative, the Board is not establishing a policy that representation by UTNO be required as a condition for employment. Propriety of such a requirement can be considered when and if such a requirement is established. The same reasoning applies to the argument that employees will be required to contribute financial support to UTNO in order to enjoy continued employment.
Plaintiffs further contend the resolution is too vague as to what issues will be bargainable. This contention is unrealistic. The resolution expresses basic policy an agreement to bargain with the representative as to wages, hours and working conditions, while declining to negotiate on inherent management policy. It would be inappropriate to require categorization at this time of specific matters which may at some later date be presented as a subject for bargaining and possible agreement. Again, the principal issue decided here is one of basic power to engage in collective bargaining.
Finally, plaintiffs challenge the constitutionality of the election rule that no administrator can campaign for or against any election, on the basis that this rule violates an administrator's right of free speech. The Board has required neutrality of supervisors, who occupy a unique position in relation to teachers, as a method to assure teachers of the opportunity to express a free choice in the election. On the record presented to us, we cannot say that this rule is an unreasonable method of achieving the desirable objective.
The judgment is affirmed.
Affirmed.
SAMUEL, J., dissents with written reasons.
SAMUEL, Judge (dissenting).
There is no dispute regarding the fact that the Board, a creature of the legislature,[1] possesses only the authority granted to it by the Constitution or by the legislature or the fact that there is nothing in our Constitution or in any of our legislative acts expressly authorizing the Board to enter into an exclusive collective bargaining agreement with representatives of a teacher union. Thus, the primary question presented for our consideration is whether the Board has implied authority to do so.
School boards do possess some implied power and authority additional to those provided by Constitution or statute. As expressed in the cases of Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591; Caddo Parish School Board v. City of Shreveport, La.App., 254 So.2d 85, and Disposal Systems, Inc. v. Calcasieu Parish School Bd., La.App., 243 So.2d 915, a school board need not have specific constitutional or legislative authority for every act which may be incidental or necessary to the performance of its constitutional and legislative duties; it has such implied or additional powers as are necessarily and properly incident to the performance of those duties.
In the absence of a sufficient showing thereof, I cannot see how entering into an exclusive collective bargaining agreement with representatives of a teacher union is necessarily and properly incident to the performance of the Board's duty to select and hire teachers and fix their salaries.
*570 There is no such showing in this case; the record is devoid of any evidence which supports, or even tends to support, that conclusion. By the very nature of collective bargaining agreements, and despite the wording of the resolution, I cannot conceive of such an agreement which would not include a surrender by the Board of some of its decision making authority. In addition, solely on the basis of the magnitude and complexity[2] of the step taken by the Board, the matter appears to be one which addresses itself to express legislative action.
As I would grant the injunction, I respectfully dissent.
NOTES
[1] Plaintiffs are a statewide organization for teachers, a similar organization of Orleans teachers, and four individual classroom teachers employed by the Board.
[2] Other intervenors were Louisiana Federation of Teachers, an unincorporated association of various Louisiana teachers' unions (UTNO being one of its affiliates) and the Louisiana AFL-CIO, an unincorporated labor organization.

The Louisiana School Boards Association filed an amicus curiae brief in this court on behalf of plaintiffs.
[3] Plaintiff Louisiana Teachers Association declined the Board's invitation to appear on the ballot.

The Board did not limit the right of any organization to appear on the ballot, but required that any organization requesting appearance be bound by the election rules and regulations.
[4] Arguably, R.S. 42:457 recognizes public employee collective bargaining in Louisiana by allowing any state, parish and city employee to authorize the employing department, board or agency to withhold labor organization dues from the employee's salary.
[5] On the issue of basic policy, the Board's exception of prematurity is misplaced. An injunction suit can properly be used to enjoin an election called without authority.
[6] Once an agreement is reached, of course, the Board cannot violate the agreement or withdraw its consent. But this applies to any agreement, whether reached by collective bargaining or by any other means. At this point the Board has not agreed to agree, but has only agreed to negotiate.
[1] LSA-Const. Art. 12, § 10 directs the legislature to create parish school boards.
[2] As illustrated, for example, by the recent Public Employee Collective Bargaining Law recently adopted by the State of Florida.