347 So.2d 39 (1977)
B. L. SHAW, Plaintiff-Appellant,
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellee.
No. 13259.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
*40 Pugh & Nelson by Sydney B. Nelson, Shreveport, for plaintiff-appellant.
Booth, Lockard, Jack, Pleasant & LeSage by Henry A. Politz, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 22, 1977.
MARVIN, Judge.
This appeal concerns the status of schoolteachers on sabbatical leave for professional purposes.
In L.R.S. 17:1177, the State has declared what a teacher shall do while in this status.[1] We determine here to what extent, if any, this declaration by the State precludes local school boards from saying what a teacher shall not do while in this status.
On March 4, 1974, the defendant Board granted plaintiff, the principal of Byrd *41 High School, a sabbatical for the school year 1974-75. Plaintiff arranged to enroll in an accredited Wyoming college for the six graduate credit hours required by Sec. 1177. Plaintiff also obtained employment with a Wyoming school district to serve as principal of a large high school for one year commencing July 1, 1974.
After plaintiff began his service as principal and his pursuit of the graduate credit hours in Wyoming, the Board on September 4, 1977, passed this resolution:
"WHEREAS, the Attorney General of Louisiana rendered an opinion on November 5, 1970, construing the Sabbatical Leave Law, which opinion, in part, reads as follows:
`. . . that a teacher on sabbatical leave cannot receive the benefits of such leave from one school board, and at the same time be regularly employed by another school board, because this would indicate that the purpose of granting such a leave would be violated.'
and
"WHEREAS, it is the policy of the Caddo Parish School Board to apply the Sabbatical Leave Law as interpreted by the Attorney General,
"NOW, THEREFORE, be it resolved by the Caddo Parish School Board that the Superintendent is authorized and directed to determine whether or not any teacher who is now on Sabbatical Leave is regularly employed by any other School Board or School District.
"BE IT FURTHER RESOLVED that the Superintendent is directed to notify said teacher that the employment by the other School Board must be discontinued within 60 calendar days or that the Sabbatical Leave granted by the Caddo Parish School Board will be terminated."
After notification by the Superintendent, plaintiff elected to discontinue his Wyoming employment, but remained on sabbatical. Plaintiff needed less than one year to reach the twenty-year retirement plateau when the resolution was passed and applied. Had he remained in the Wyoming employment for the entire sabbatical, he would have been eligible to receive twenty-year retirement pay after the sabbatical year and would have had an excellent chance of continuing indefinitely his Wyoming employment.
After an unsuccessful attempt to enjoin the Board from enforcing the resolution against him, plaintiff seeks monetary damage against the Board, founded upon his alleged loss of income and other fringe benefits, mental anguish and injury to his professional reputation. The lower court rejected plaintiff's demands. We affirm.
Our most recent Constitutions have required that the Legislature provide for public schools and for the creation and election of parish school boards. Art. VIII, La. Constitution 1974; Art, XII, La. Constitution 1921. L.R.S. 17:81 grants general authority to school boards:
". . . to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the Louisiana State Board of Education, as [each school board] may deem proper."
The parish school board performs the function of the sovereign in implementing the constitutional mandate and, as the administrator of public education, it is an agency of the state. Jefferson Par. Sch. Dist. v. Jefferson Par. Dem. Ex. Com., 246 La. 51, 163 So.2d 348 (1964).
We also recognize that a school board has such implied powers and authority as is necessarily and properly incident to the performance of its statutory duties and need not have specific legislative authority to perform its duty. Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591 (1931); Disposal Systems Inc. v. Calcasieu Parish School Bd., 243 So.2d 915 (La.App.3d Cir. 1971).
The Sabbatical Leave Law, originally Act 319 of 1940, now comprises L.R.S. 17:1171-1186. It provides that members of the teaching staff "shall be eligible" for sabbatical for specified purposes (1171). It also requires that the Board be informed, originally *42 in the application (1175) and by written report after the leave has been granted, of the manner in which the leave shall be or is being spent (1177, 1178). If the sabbatical is not being spent within the intent and purposes of the law, Section 1179 authorizes termination of the leave by the superintendent as the elected agent of the Board:
"Any person who fails to comply with the provisions of R.S. 17:1177 and 17:1178 may have his leave terminated by the superintendent at any time, . . ."
While the Legislature has provided in some detail with respect to eligibility for sabbatical, the ultimate determination of initial or continued entitlement to the privilege of the status is left to the individual Board, according to our understanding of the law.
In State ex rel Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153, 167-8 (1943), the Supreme Court said:
"There is nothing more firmly established in law than the principle that, within the limits of their authority, the power and discretion of legally created governing boards is supreme. Their wisdom or good judgment cannot be questioned by the courts. Members of these boards are appointed or elected because of their peculiar fitness for the post. Judges are elected because of their legal knowledge and ability. They are not experienced in the business affairs of Parishes and municipalities, * * * or the conduct of a public school system. A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."

"* * *
". . . It is indisputable that the jurisprudence of this State is settled beyond doubt that where a statute creates a Board and grants to it certain administrative and executive functions and responsibilities, the courts will not interfere with the bona fide judgment of the Board based upon substantial evidence. It is only where the complainant shows there has been an invasion of his rights by the Board exceeding its powers or doing him an injustice that the courts have set aside the actions of the Board. * * * "Emphasis supplied. See also Blanchet v. Vermilion Parish School Board, 220 So.2d 534 (La.App.3d Cir. 1969)
In addition to claiming the Board was without authority to enact the subject resolution, plaintiff contends he has been denied due process and equal protection; his vested rights have been unconstitutionally impaired; his right to gainful employment has been unreasonably restrained; and alternatively, that the Board should be held to be estopped from applying the resolution to him because the Board knew he intended to accept employment in Wyoming at the time he was granted sabbatical. In the latter respect, the lower court correctly found that plaintiff misrepresented his intention to the Board of the manner in which and the purpose for which he intended to spend the requested sabbatical.[2]
Because of this intentional misrepresentation, plaintiff's leave could have been abruptly terminated under the authority of Sec. 1179. Plaintiff cannot assert estoppel or absence of authority on the part of the Board for adopting the policy clearly contained in the resolution and applying it to him, even though the resolution, as plaintiff argues, might broadly be said to compel him to terminate his sabbatical. We do not however, interpret the resolution in that manner, because its content and purpose are express and clear.
Also noteworthy is the fact that plaintiff was an employee of the Board at *43 all time while on sabbatical, entitled to certain privileges, but at the same time subject to the employer's reasonable control. Plaintiff's continued entitlement to sabbatical was dissipated by eventual fruition of the seeds of his own misrepresentation to his employer and his right thereto, was not indefinitely vested.
In Blanchet, cited supra, the plaintiff also contended unconstitutional impairment of contract by a school board regulation. The court there said:
"The adoption of the regulation did not impair the obligation of any prior "contract". . . since tenured teachers are always subject to reasonable change of regulation by the employing school board." 220 So.2d 539. Emphasis supplied.
Likewise, any restraint on plaintiff's employment in Wyoming, if indeed it exists at all, we find not unreasonable in view of the Louisiana Sabbatical Leave Law.
We do not hold that a school board cannot grant in any case a sabbatical to a teacher who intends to work in full-time, regular employment in his profession during sabbatical for professional improvement. Certainly there may be circumstances where an individual board might deem this to be in the interest of the school system under its supervision. In any event, it is up to the individual board to make the determination in each case on a full and truthful disclosure by the applicant-teacher of the manner in which and the purpose for which the teacher seeks sabbatical. In this case, however, a full and truthful disclosure was not made to the Board and the Board was within its authority in taking the action complained of.
We adopt the excellent detailed opinion of the lower court and for reasons assigned there and herein, at appellant's cost, affirm judgment below.
AFFIRMED.
HALL, Judge, concurring.
Plaintiff seeks damages from the Caddo Parish School Board because the School Board, after granting him a sabbatical leave under LSA-R.S. 17:1171, et seq., with knowledge that plaintiff intended to work as principal in another school system during his leave, adopted a resolution prohibiting a teacher on sabbatical leave from being regularly employed by another school system, which had the effect of compelling plaintiff to terminate his employment with the other school system.
Plaintiff contends the resolution of the School Board is contrary to law because the requirements for teachers on sabbatical leave set forth in LSA-R.S. 17:1177 and the grounds for terminating a sabbatical leave set forth in LSA-R.S. 17:1179 are exclusive; the termination of plaintiff's sabbatical leave constitutes an unconstitutional impairment of vested contract rights and an unreasonable restraint of freedom to engage in any work under the Louisiana and Federal Constitutions; and the Board was estopped from requiring plaintiff to terminate his other employment or have the leave terminated.
The contentions made by plaintiff do not support his claim to damages for loss of income from the other employment, loss of future income, damage to reputation, and the like.
The School Board cannot arbitrarily or unreasonably deny a sabbatical leave to a teacher who qualifies under the statute, nor arbitrarily or unreasonably terminate a leave previously granted. Under LSA-R.S. 17:81 and the authorities cited in the majority opinion, the School Board can, however, adopt reasonable rules and regulations governing the granting and continuance of sabbatical leaves, consistent with the intent and purpose of the statute, which does not purport to be pre-emptive of all matters relating to sabbatical leave. The School Board also has the authority to evaluate applications for and reports on sabbatical leave on a case by case basis to determine whether the teacher's proposed or continuing activities are consistent with the specific minimum requirements and with the intent and purpose of the statute.
*44 The resolution prohibiting regular employment with another school system by a teacher on sabbatical leave is a reasonable regulation consistent with the intent and purpose of the statute. There is no legal prohibition against the rule becoming effective on the date of its adoption as to all teachers, those on sabbatical leave at the time of its adoption, those with applications pending, and those who might apply in the future. The Board's action, while perhaps triggered by the circumstances of Shaw's leave, was not arbitrary or discriminatory or directed solely toward him, but was part of a good faith reevaluation by the Board of sabbatical leaves in general. See McDaniel v. Caddo Parish School Board, 347 So.2d 33 (La.App.2d Cir. 1977), also decided this day.
Nothing in Shaw's contract with the Board or in the sabbatical leave statute created in him a vested right to work full-time for another school system while on sabbatical leave from the Caddo Parish school system. His employment with the Caddo Parish School Board continued, with pay, and subject to reasonable regulations and conditions which might be adopted by the School Board. The action of the School Board did not amount to a breach of contract. Nor did it deprive Shaw of any vested contract rights in violation of the Louisiana or Federal Constitutions. Nor did the action of the Board, his employer, unreasonably restrain his freedom to engage in work in violation of the Louisiana or Federal Constitutions.
Shaw contends he is entitled to damages because the Board knew at the time it granted the leave that he intended to accept employment as principal of the high school in Wyoming. This equitable contention, based on estoppel, is not valid because full disclosure of the nature and purpose of the employment was not made to the Board. In fact, as found by the trial court, the nature and purpose of the employment was misrepresented to the Board by Shaw, who described it as temporary and as an internship which would be of value to the Caddo Parish school system, knowing at the time that he intended the employment to be permanent and that he did not intend to return to Caddo Parish.
For these reasons, I concur in the majority opinion denying plaintiff the damages he seeks.
NOTES
[1] This section reads in part:

"Every person on sabbatical leave for the purpose of professional or cultural improvement shall, during each semester of leave:
"(1) pursue a program of study, earning at least ten undergraduate, or six graduate, credit hours, at an institution of higher learning accredited by the board of education of the state or territory in which such institution is located, provided that in case less than fifteen weeks is so spent the number of weeks less than fifteen not so spent shall be spent in one of the other of the two alternatives below enumerated; or
"(2) pursue a program of independent study, research, authorship or investigation which involved an approximately equivalent amount of work; or
"(3) engage in travel which is so planned as to be of definite educational value."
[2] While plaintiff did inform the Board that he was going to accept Wyoming employment, he represented the employment as only a temporary internship for study of the year-round system there, knowing that he intended to permanently remove himself from the Caddo system to the Wyoming position. The lower court's reasons for judgment specifically detail the testimony supporting this conclusion.