368 So.2d 801 (1979)
Janie McClanahan EARNEST, Plaintiff-Appellant,
v.
CALDWELL PARISH SCHOOL BOARD, Defendant-Appellee,
Clarice D. Kenney, Intervenor-Appellee.
No. 13801.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1979.
Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for plaintiff-appellant.
John F. Ward, Jr., Robert L. Hammonds, Baton Rouge, for intervenor-appellee, Clarice D. Kenney.
Don C. Burns, Dist. Atty., Columbia, for defendant-appellee Caldwell Parish School Board.
*802 Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Plaintiff, an applicant for the position of elementary school supervisor, has appealed the judgment of the trial court refusing to grant her injunctive relief to prevent the Caldwell Parish School Board from considering the application of another applicant, Clarice Kenney, for this position and rejecting her demand to be declared selected for the appointment by vote of the school board.
The issue presented is whether the board could properly consider the application of Mrs. Kenney who did not receive her certification of qualification by the Louisiana Department of Education until after the advertised period for receiving applications by the board expired.
Plaintiff and Mrs. Kenney were among the applicants who responded to a notice published by the school board that applications would be received through April 17, 1978. Plaintiff was certified at the time of filing her application. At a meeting on April 18, 1978, the board considered the applications and a vote was taken resulting in a tie between plaintiff and Mrs. Kenney, who each received five votes. Therefore, no action was taken to fill the position at the meeting. At the subsequent meetings of May 2 and May 16, 1978, a tie vote between these two applicants continued to prevent the selection of either applicant for the position.
On May 19, 1978, plaintiff filed this action to enjoin the school board from considering the application of Mrs. Kenney and to have herself declared elected as a result of the votes received by her at the prior board meetings. She contends the votes cast for Mrs. Kenney were null because she was not at that time properly certified as required by the board's resolution authorizing the method of filling the anticipated vacancy and as required by the regulations of the Louisiana Department of Education. Mrs. Kenney received her certification on May 23, 1978, and the following day, May 24, intervened in this action asking that her right to be considered for the position be maintained.
The school board and Mrs. Kenney filed exceptions of no right of action, mootness, and nonjoinder of indispensable parties. These exceptions, which, by agreement, were considered with the merits, were sustained and plaintiff's demands were dismissed. The result reached by the trial court is correct and we affirm the judgment.
We pretermit any discussion of plaintiff's complaints on appeal relating to the procedural insufficiencies or irregularities because of our view on the merits of this controversy.
We do not find that the board's acceptance and consideration of intervenor's application was contrary to its own resolutions, policies, or otherwise contrary to law.
Plaintiff's primary argument is that since the school board saw fit to advertise for applications in filling the anticipated vacancy, it is bound to follow the policies of the board as stated in its advertisement to furnish proof of proper certification contemporaneously with making the application. The notice published by the school board provided that applicants "furnish their certification documents, transcripts, and other qualifying information." We do not construe the language of the advertisement to specify that the qualifying documents must necessarily be furnished at the time of filing the application. It simply places the responsibility on the applicant rather than the school board administrative personnel to obtain this information for the board.
As further evidence that the theory urged by plaintiff was not the intent of the school board, we refer to the resolution adopted at the April 18, 1978, meeting as follows:
Be it resolved by the Caldwell Parish School Board that all applicants for School Board employment be fully certified before applicant assumes the position or the beginning date of employment. Be it further resolved by the Caldwell *803 Parish School Board that all resolutions or parts of resolutions in conflict herewith are hereby repealed, [emphasis added].
Plaintiff further relies on a regulation of the Louisiana Department of Education which provides that a person who lacks proper certification from this department shall not be "legally eligible for administrative, supervisory, teaching, or other professional services in the public schools of this state." Department of Education Bulletin 746 Louisiana Standards for State Certification of School Personnel.
The fallacy of plaintiff's argument lies in the fact that the board did not make any appointment for this position at any of its meetings prior to the date of trial of this matter. The record also shows the position was not to become available until July 1, 1978, upon the promotion of the person then serving in this capacity. The acceptance and consideration of intervenor's application is not violative of this regulation of the Louisiana Department of Education.
La.R.S. 17:84 grants sole authority to parish school boards to select and employ supervisory personnel and La.R.S. 17:81 permits school boards to adopt their own rules and regulations to carry out their governmental functions provided the policies adopted are not inconsistent with law or the regulations of the Louisiana Department of Education. The courts should not interfere with a school board's management unless there is a clear showing of abuse of the authority granted to the board under the statutory law. See State, ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1943), Shaw v. Caddo Parish School Bd., 347 So.2d 39 (La.App. 2d Cir. 1977).
We find no such showing in this instance and affirm the judgment dismissing plaintiff's demands at appellant's cost.