MARVIN, Judge.
Plaintiffs, two school teachers, appeal a judgment rejecting their demands to permanently enjoin the defendant school board from continuing to employ another teacher, Ms. Young, as Coordinator of Testing under Title I of the federally funded Emergency School Assistance Act. We affirm.
The Title I program is designed to provide remedial and corrective instruction for underprivileged school children. Specialized positions with particular job requirements are created to administer the program. These positions include Title I Director, Media Center Director, Reading Coordinator, Math Coordinator, and Coordinator of Testing. The school board established these positions to meet federal and state guidelines. These positions are not analogous to, and are not included in, the Louisiana Department of Education Bulletin No. 746, which sets forth job requirements for other positions such as supervisor in parish educational systems. For example, the director of the Title I program is required to have a valid Louisiana teaching certificate, a master’s degree, and a minimum of three years administrative experience. A supervisor under the Education Bulletin requirements must have a Type A Louisiana teaching certificate, five years of professional school experience, and a master’s degree.
Plaintiffs contend that the Bulletin requirements for a supervisor should apply to the position of Title I Testing Coordinator, and that Ms. Young should not be employed in that position because she did not meet these requirements. The Title I Testing Coordinator is in a specialized position and is required to have a valid Louisiana teaching certificate, a master’s degree, with some course work in testing, and a minimum of three years of successful teaching in the elementary grades. Ms. Young met these requirements when she applied for the job. To impose the Bulletin requirements would require the Title I Testing Coordinator to have higher qualifications than her superi- or, the Title I Director. After Ms. Young was hired as Title I Testing Coordinator, she obtained the certification required by the Education Bulletin for a supervisor. While this was not a requirement for the position of Title I Testing Coordinator, this accomplishment enhances Ms. Young’s position and effectively renders plaintiffs’ claim legally inconsequential.
Statutory authority to adopt employment policies and to choose personnel is given to school boards and not to the courts.
“La. R.S. 17:84 grants sole authority to parish school boards to select and employ supervisory personnel and La. R.S. 17:81 permits school boards to adopt their own rules and regulations to carry out their governmental functions provided the policies adopted are not inconsistent with law or the regulations of the Louisiana Department of Education. The courts should not interfere with a school board’s management unless there is a clear showing of abuse of the authority granted to the board under the statutory law. See State, ex rel Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1943); Shaw v. Caddo Parish School Bd., 347 So.2d 39 (La.App.2d Cir. 1977).” Earnest v. Caldwell Parish School Board, 368 So.2d 801, 803 (La.App.2d Cir. 1979).
The Board’s policies are not inconsistent with state law or policy. The Board did not *432 clearly abuse its authority in hiring Ms. Young. At appellants’ cost, we
AFFIRM.