DOMENGEAUX, Judge.
Plaintiffs-appellants, Jesse Jackson, Ruth O’Quinn, Rosia Metoyer, and the Rapides Association of Educators brought this action against defendants-appellees, Rapides Parish School Board and Dr. William Lucas, alleging that said School Board violated its own written policies and rules when it employed defendant doctor as coordinator of federal funds. Appellants claimed that they are entitled to relief either through writs of quo warranto, mandamus, under the Intrusion Into Office Act, and/or mandatory injunction. From a judgment of the trial court sustaining appellees’ exception of no cause of action, appellants have appealed. For different reasons assigned herein, we affirm.
The only issue presented to us on appeal is whether or not plaintiffs in their petition allege facts sufficient to establish a cause of action under any of the relief prayed for.
At a regular meeting of the Rapides Parish School Board held on December 1, 1980, the Board approved the appointment of Doctor Lucas as coordinator of federal funds for the Rapides Parish School Board. On May 13, 1981, plaintiffs filed suit for the relief prayed for herein. Thereafter, on May 14, 1981, a rule issued directing the defendants to show cause why the relief prayed for should not be granted, at which time the defendants filed an exception of no cause of action. The exception was heard on June 18, 1981, and for assigned written reasons contained therein, the trial judge sustained the exception and dismissed plaintiffs’ suit.
In their petition the plaintiffs allege in paragraph 2 that the hiring of Doctor Lucas was without advertising, contrary to the rules and regulations of the Rapides Parish School Board, and was without job description. In paragraph 3 they allege that the School Board was in complete derogation of its own policy and rules, and in paragraph 4 they reiterate the previous allegations that said 'School Board violated its own bylaws, rules and regulations in hiring and contracting with Doctor Lucas.
The Legislature has delegated certain duties and rule making authority to the School Board under LSA-R.S. 17:81 and LSA-R.S. 17:84, which provide in part as follows:
LSA-R.S. 17:81:
“. .. . Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.”
LSA-R.S. 17:84:

The parish school boards may appoint such assistant superintendents, supervisors, stenographers, bookkeepers as may be needed, and such attendance officers, medical directors, and other appointees as may be necessary for the proper and efficient conduct of the schools; they may also fix their salaries and prescribe their duties.”
In Earnest v. Caldwell Parish School Board, 368 So.2d 801 (La.App. 2nd Cir. 1979), the Second Circuit discussed these *813 statutes and the Court’s role in their enforcement, rather than paraphrase we quote, to-wit:
“La.R.S. 17:84 grants sole authority to parish school boards to select and employ supervisory personnel and La.R.S. 17:81 permits school boards to adopt their own rules and regulations to carry out their governmental functions provided the policies adopted are not inconsistent with law or the regulations of the Louisiana Department of Education. The courts should not interfere with a school board’s management unless there is a clear showing of abuse of the authority granted to the board under the statutory law. See State, ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1943), Shaw v. Caddo Parish School Bd., 347 So.2d 39 (La.App. 2nd Cir. 1977).”
In order for plaintiff to state a cause of action for mandamus, the petition must allege that there is a specific ministerial duty required by law, and that a public officer has failed to perform that duty. LSA-C. C.P. Article 3863. Plaintiffs’ petition, however, fails to allege any specific law establishing a statutorily imposed duty on behalf of the School Board to follow any set procedures in hiring its personnel. Plaintiffs only contend that the School Board violated its own bylaws, rules and regulations.
LSA-R.S. 17:81 and LSA-R.S. 17:84 gives the School Board wide latitude in making its own rules and regulations, and by that same authority the School Board may suspend, amend, or change said rules and regulations from time to time. Absent a clear showing of abuse of authority granted to the Board under the statutory law, the courts should not interfere with the Board’s actions. Earnest, supra. Accordingly, it seems clear to us that the plaintiffs have failed to allege facts sufficient to state a cause of action upon which mandamus relief is authorized.
Quo warranto is equally inappropriate, as its purpose is to direct an individual to show by what authority he holds public office. LSA-C.C.P. Article 3901 et seq. In Small v. Levy, 355 So.2d 643 (La.App. 4th Cir. 1978), writ refused, 361 So.2d 450 (La.1978), the Fourth Circuit held that a plaintiff, who is not a “claimant” [1] to office, had no right to bring application for writ of quo warranto. No where in plaintiff’s petition do they allege to be “claimants” to Doctor Lucas’ office. In fact, they merely allege that they desire the opportunity to be considered for that position which Doctor Lucas now holds. Plaintiffs, then, in failing to allege facts supportive of any claim to the office challenged, do not state a cause of action upon which quo warranto relief is authorized.
As the court in Small, supra, points out, disallowing quo warranto where plaintiffs failed to assert a claim to the office in question does not deny those plaintiffs, under the proper circumstances, access to the courts to test the right of a public officer to hold office. An individual acting alone and in his capacity as a citizen, may file a mandamus proceeding against the attorney general or the appropriate district attorney to compel said officer to file the action to test in accordance with his responsibility under the Intrusion Into Office Act. These legal offices represent the interest of all citizens with regard to the right of a public officer, and under the proper circumstances, mandamus will lie.
Additionally, plaintiffs’ petition answers the very question that quo warranto directs. The petition shows that Doctor Lucas was hired by the Rapides Parish School Board. Obviously, that is the authority by which he holds the position of coordinator of federal funds. Accordingly, for these reasons as well as those previously stated, plaintiffs’ petition does not state a cause of action for quo warranto.
In addition to the relief sought above, plaintiffs contend that they are entitled to relief under the Intrusion Into Office Act, LSA-R.S. 42:71 et seq.
*814 As aforementioned, the plaintiffs merely allege facts suggesting that the School Board violated its own bylaws, rules, and regulations. As we appreciate this act, allegations of these violations alone simply do not give rise to a cause of action under it. Furthermore, even if we were to assume that defendants' actions give rise to a cause of action under the Intrusion Into Office Act, the plaintiffs are not the proper parties to bring an action for such relief.
LSA-R.S. 42:76 and LSA-R.S. 42:77 provide in part as follows:
LSA-R.S. 42:76:
“An action shall be brought in the name of the state in any of the following cases;
‘(1) When any person usurps, intrudes into, or unlawfully holds or exercises or attempts to remain in possession of any public office or franchise within this state.

‘This action shall be brought by the attorney general of the state or by the parish district attorney of the parish in which the case arises against the offender, and the suit shall be filed in the district court of that parish.
‘The action may also be brought by the governor appearing in proper person or through the attorney general of the state or other counsel he may select.’ ”
LSA-R.S. 42:77:
“In the cases provided in R.S. 42:76(1) and 42:76(2), the action may be brought by any person demanding possession of the office against any person claiming or exercising the functions of the office.”
As discussed above, the plaintiffs do not demand possession of the office presently held by Doctor Lucas. As such, the proper parties to bring an action under this Act are governed by LSA-R.S. 42:76, i.e., the parish District Attorney, the Attorney General, the Governor, or his representative.
At the hearing on the exception of no cause of action the district judge expressed his desire to expand the scope of that hearing to consider whether or not the plaintiffs possessed a right of action in this suit. Although the plaintiffs objected to the court considering the no cause exception as being one of no right as well, they proceeded to put on evidence in support of the plaintiff’s right of action in this suit. In light of the fact that the plaintiffs proceeded to introduce evidence in support of their right of action, and inasmuch as plaintiffs are not the proper parties to bring a cause of action under the Intrusion Into Office Act, we would have to find that plaintiffs have no right to bring an action for the relief prayed for herein.
Lastly, the plaintiffs pray for in-junctive relief seeking to enjoin Doctor Lucas from serving as coordinator of federal funds until such time as the rules and regulations of the Rapides Parish School Board are followed, and further asking that Doctor Lucas be permanently removed from the position he now holds. In essence plaintiffs pray for a preliminary injunction restraining and enjoining Doctor Lucas from acting as coordinator of federal funds until such time as a mandatory injunction is issued removing him from this position.
Injunctive relief is appropriate only in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. LSA-C.C.P. Article 3601. The petition of plaintiffs, however, does not allege sufficient facts upon which injunctive relief may be based. The plaintiffs do not allege specific facts from which it clearly appears that they face irreparable injury absent a granting of an injunction, or that an injunction in this case is specifically provided by law. As such the face of the petition does not state a cause of action for injunctive relief.
In a footnote in his reasons for judgment the district judge commented on the impropriety of cumulating an action for mandatory injunction with this summary proceed *815 ings.[2] In view of our opinion above, we find it unnecessary to address this issue.
For the above and foregoing reasons the judgment of the trial court sustaining defendant’s exception is affirmed. Costs at trial and on appeal are to be taxed against plaintiff-appellant.
AFFIRMED.

. A claimant as defined by the court in Small, supra, is one who demands possession of the office against any person claiming or exercising the functions. See LSA-R.S. 42:77 cited later in this opinion.

. The footnote in the trial judge’s reasons for judgment provides as follows:
“Parenthetically the Court should note that it ruled from the bench that the only action available to petitioners was that in the nature of a mandatory injunction. A suit for a mandatory injunction is in the nature of an ordinary proceeding. Louisiana Livestock Sanitary Board v. Johnson, 372 So.2d 585 (La.App. 3rd Cir. 1979). However, petitioners have commenced this suit by summary process.”