Dear Representative Carrier:
You have requested an opinion of this office concerning a school dress code policy which has been implemented in several schools in Livingston Parish. Specifically, your request addresses the validity of the dress code policy in effect at Southside Junior High School in Denham Springs, Louisiana.
The dress code in question was implemented at Southside Junior High School for the 1991-1992 school year. As described in a handout distributed to parents of Southside Junior High School students, this is a pilot program which applies only to the wearing of shorts. All shorts worn by students must conform to the "school approved" shorts in length, style and color, which are on display at the pilot program schools. The acceptable colors for boys are navy, gray and khaki; girls may also wear an approved plaid.
LSA-R.S. 17:81, which sets forth the powers and duties of parish school boards, states:
 Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
Parish school boards are afforded great discretion and the courts will not interfere with the school board's management unless there is a clear showing of an abuse of their statutory authority. Earnest v. Caldwell Parish School Board, 368 So.2d 801
(La.App. 2d Cir. 1969). Further, the courts of this state have consistently held that without proof that a parish school board's regulation is arbitrary, capricious or unreasonable, the regulation will be upheld, and the court will not substitute its judgment for that of public officials elected to administer the public school system. Estay v. Lafourche Parish School Board,230 So.2d 443 (La.App. 1st Cir. 1969); Blanchet v. Vermilion School Board, 220 So.2d 534 (La.App. 3rd Cir. 1969); Louisiana Teachers Association v. Orleans Parish School Board, 303 So.2d 564
(La.App. 4th Cir. 1974).
In Estay v. Lafourche Parish School Board, supra, the court, considering the validity of school board regulations, held:
 We are of the view that the right to public school attendance is not an unqualified right. Rather it is a right involving concomitant privileges and obligations. Among these is the duty of submitting to reasonable regulations imposed by lawful authority in the interest of the individual student and the welfare of institutions of learning. A student cannot be deemed to possess the constitutional right to breach reasonable, uniformly applied disciplinary regulations of a school authority.
The dress code policy in question is intended to promote neatness, alleviate peer pressure within the student body to buy expensive clothing, and to facilitate the improvement of academic performance. Assuming that this regulation is uniformly and reasonably applied, it may be implemented as a reasonable regulation in the interest of the administration and the student body.
It is therefore the opinion of this office, that the dress code policy at issue is reasonable and uniformly applied, although only as a pilot program, and thus is valid and within the statutory authority granted to parish school boards.
Trusting this to be sufficient for your purposes, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: NORMAN W. ERSHLER RPI/NWE/vs-05731 Assistant Attorney General