Dear Superintendent Dartez:
This office is in receipt of your request for an opinion of the Attorney General as to whether the Vermillion Parish School Board may purchase land for a proposed new high school at a price exceeding its appraised value by approximately 38%.
You indicate in your opinion request that the School Board is considering purchasing either one of two tracts of land identified to accommodate a new high school facility and appurtenant structures. The first tract of land, which has not yet been appraised, is located immediately outside of the corporate city limits of Erath. With the school located outside of the city limits, it would be necessary for the School Board to a construct a separate water and sewerage treatment facility to service the school because it could not be serviced by the municipal water and sewerage units. An opinion from the School Board's engineers, Sellers Associates, Inc., estimates that construction of a water treatment system and a water sewer plant would cost approximately $410,000.00, with yearly maintenance costing around $65,000.00. In addition to the construction expenses, it would cost the School Board $140,000.00 to run the water and sewerage lines from inside the city limits to the high school outside of the city limits, with an additional annul user fee charged by the City of Erath ranging between $6,500.00 — $7,500.00. Total expenses for constructing and operating the sewer and water system to service the high school is estimated to be between $621,000.00 and $622,500.00. This cost would be in addition to the purchase of the land.
The second tract of land being considered for purchase consists of 26.48 acres located within the city limits of Erath. This tract has been appraised at $10,500.00 per acre and is being offered for sale at $14,500.00 per acre or approximately 38% above its appraised value. This would result in the School Board paying approximately $106,000 in excess of the appraised value of $278,040. Since this tract is located within the city limits, it would be served by the municipal water and sewerage services and the School Board would not have to construct a separate facility to accommodate the high school.
The only costs in addition to the purchase price would be approximately $10,000.00 to run water and sewer lines and annual user fees to the city between $6,500.00-$7,500.00. You indicate in your opinion request that the School Board feels that the purchase of the tract within the city limits would ultimately benefit in considerable savings over time once the school is constructed and operational.
The Preamble of Article VIII of the 1974 Louisiana Constitution states that:
 The goal of the public educational system is to provide learning environments and experiences, at all stages of human development, that are humane, just, and designed to promote excellence in order that every individual may be afforded an equal opportunity to develop his full potential.
Section 9 of Article VIII creates parish school boards whose function it is to implement the constitutional mandate of providing for public schools and acting as administrators of public education as a state agency. Shaw v. Caddo Parish SchoolBoard, 347 So.2d 39 (La.App. 2 Cir, 1977) writ denied,350 So.2d 676 (La. 1977).
La. R.S. 17:81 provides that school boards have the authority to purchase land for the purpose of erecting school houses. Additionally, school boards, as political subdivisions, have the power to acquire property for any public purpose by expropriation. La. Const. Art. V1, Section 23.
School Board members carry a public trust responsibility to fulfill their constitutional and statutory duties faithfully and in the best interests of the school district. This includes insuring that public funds under the control of the school board are wisely spent for appropriate goods and services.
In determining whether the School Board can or should pay 38% over the appraised value for a tract of land, the School Board should consider whether the asking price of the property represents its true market value. The cases dealing with the value of property in expropriation proceedings offer guidance to determining the market value and the compensation a private landowner is entitled. The Louisiana Supreme Court in StateDepartment of Highways v. Rapier, 164 So.2d 280 (La. 1964), held that the true market value of property is ". . . the price for which property could be sold by a willing and informed seller to a willing and informed buyer in the condition in which it stood, as well as under usual circumstances existing at the time of expropriation." The Court went on to say that ". . . market value means the worth of land considered in the light of its best use, as being most favorable employment to which the property is adaptable and may reasonably be put in the not too distant future." Id. at 282.
In West Jefferson Levee District v. Coastal Quality ConstructionCorp., 93-1718 (La. 5/23/94), 649 So.2d 1258, the Supreme Court provided that "[i]n determining highest and best use of property at the time of expropriation, factors to be considered include market demand, proximity to areas already developed in a manner compatible with intended use, economic development in the area, specific plans of businesses and individuals, including action already taken to develop land for that use, scarcity of land available for that use, negotiations with buyers interested in property taken for particular use, absence of offers to buy property made by buyers who would put it to use, and use of property at the time of taking."
Assumably, an appraisal would take these factors into consideration, thereby reflecting the "market value" of the property. Admittedly, several of these factors are subjective. Therefore, a second appraisal, either by the School Board or submitted by the landowner may provide further guidance to the School Board of the market value of the property.
If after considering these factors the School Board determines that the asking price of the property is in excess of its market value, we suggest the Board consider using its power of eminent domain and institute proceedings to expropriate the property. This would allow a third party, the court, to determine the market value and the compensation payable to the landowner.
We trust the forgoing information sufficiently addresses your concerns. Should you have any further questions regarding this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/kd/tp