Dear Ms. Dixon:
As a member of the Rapides Parish School Board ("Board"), you have asked the opinion of this office on several issues concerning the Board's policy pertaining to the selection of administrative personnel (Policy GBDA).[1] You have asked whether the written policy language found in Policy GBDA, as provided by you and attached hereto, is the Board's current policy pertaining to the selection of administrative personnel. You have also asked whether the Board might be subject to claims from individuals who may have been negatively impacted by the Board's possible failure to follow its own policy. Finally, you ask whether an employment contract between the Board and a principal is still valid and enforceable if the Board did not follow its policy in the process of his selection.
As provided in your letter and in telephone conversations, the Board promoted an assistant principal to a principal position during its July 26, 2010 Board meeting and entered into an employment contract with him. Subsequently, you learned that the notice required by Policy GBDA had not been provided. Notice of the specific vacancy was not provided to interested persons after the vacancy occurred and prior to filling the position. You believe that potential applicants for the position have been denied a fair opportunity to apply for it. Therefore, at the Board's September 2010 meeting, you moved to rescind the appointment of the principal based on the Board's failure to comply with Policy GBDA. The motion failed, and no action was taken to rescind the principal's appointment. *Page 2 
You have asked whether Policy GDBA is the controlling applicable and controlling policy regarding the Board's selection of administrative personnel. You acknowledged that there is disagreement among Board members as to the content of the Board's current policy regarding the selection process for administrative personnel. Several Board members believe that the Board amended its policy by resolution adopted at is April 12, 2005 meeting. They contend that the language in Policy GBDA has not been changed to reflect the Board's actual policy. You believe that the action taken in April 2005 did not amend Policy GBDA, but rather granted a one-time exception for the 2005-2006 school year. You contend that the written policy found in Policy GBDA is the current policy of the Board. Your question essentially asks this office to resolve the dispute among Board members and determine the content of the Board's current policy regarding the selection of administrative personnel.
La.R.S. 17:81(A) provides that each school board shall select teachers and all other certified personnel from recommendations made by the city or parish superintendent. La.R.S. 17:81(C) authorizes each school board to make rules and regulations for its own government so long as they are not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education. Additionally, it is well-established in Louisiana jurisprudence that courts should not interfere with a school board's management unless there is a clear showing of abuse of the authority granted to the Board under the statutory law. State, ex rel.Rathe v. Jefferson Parish School Board, 19 So.2d 153 (La. 1943); Jacksonv Rapides Parish School Board, 410 So.2d 81 (La.App. 3 Cir. 1982),Earnest v. Caldwell Parish School Board, 368 So.2d 801 (La.App. 2 Cir. 1979), Shaw v. Caddo Parish School Bd., 347 So.2d 39 (La.App. 2 Cir. 1977).
In Jackson, the plaintiffs alleged that the Rapides Parish School Board violated its own written policies and rules when it employed the defendant as a coordinator of federal funds without advertising the position, without developing a job description, and without complying with its own rules and regulations. The Jackson court found that the plaintiffs failed to allege facts sufficient to state a cause of action and reasoned as follows:
 La.R.S. 17:81 and La.R.S. 17:84 give the School Board wide latitude in making its own rules and regulations, and by that same authority the School Board may suspend, amend, or change said rules and regulations from time to time. Absent a clear showing of abuse of authority granted to the Board under the statutory law, the courts should not interfere with the Board's actions. [Emphasis added.]
In light of the above, it is clear that only the Board is authorized to make policies for its own governance, and that this authority includes the right to suspend, amend or change its policies as it deems fit. Therefore, it is the opinion of this office that only the Board has the authority to determine its current policy regarding the selection of administrative personnel. Moreover, absent a clear showing that the Board did not abuse its statutory authority, neither the courts nor this office should interfere with the Board's *Page 3 
determinations regarding its own policies. Therefore, our office cannot decide for the Board which of its policies is currently in effect.
Your second question concerns the Board's potential for exposure to liability if it fails to follow its own policy. More specifically, you have asked whether individuals who might have applied for the principal position if they had received timely notice of the vacancy, may have claims against the Board for its failure to follow its policy. In light of the recognition by Louisiana courts of the Board's right to adopt its own policies and authority to suspend, amend or change its policies as it deems fit, it is the opinion of this office that it is unlikely that a potential applicant could establish a valid claim against the Board based on the Board's failure to follow its own policy. Such a claimant would have to clearly show that the Board's action was an abuse its statutory authority to make rules and regulations for its own governance.
Finally, you ask whether the Board's employment contract with the principal remains valid and enforceable if the Board failed to follow its policy in the process of selecting him. This question has already been addressed in Attorney General Opinion No. 10-0207, which addressed issues arising out of these same circumstances. It was, and remains, the opinion of this office that the employment contract between the Board and this principal remains valid and enforceable, whether the Board followed its policy or not. In Opinion No. 10-0207, we said the following:
 As required by La.R.S. 17:444(B), [this principal] is employed pursuant to a written contract containing performance objectives. His contract is for a term of two years beginning on July 27, 2010, and ending on July 26, 2011. Additionally, the contract contains language requiring that he be retained during the contract term unless he is found to be incompetent or inefficient or to have failed to fulfill the terms and performance objectives of his contract. The statutory and contractual provisions regarding retention limit the Board's ability to terminate [this principal's] employment for any reason other than those provided in La.R.S. 17:444(B)(4)(a)(iii) and Paragraph VII(A) of his employment contract. The Board's possible failure to comply with its internal Policy GBDA is not a statutorily recognized reason for which Mr. Garrett's employment may be terminated.
In summary, it is the opinion of this office that pursuant to the statutory authority granted in La.R.S. 17:81(C) only the Board may make rules and regulations for its own governance; and therefore, only the Board may determine its current policy regarding the selection of administrative personnel. Given that this authority to broad enough to allow the Board to suspend, amend or change its policy as it deems fit, it is unlikely that the Board's failure to follow its policy would be support a valid claim on behalf of a potential applicant as described above. Finally, the Board's failure to follow its own policy is not a legally sufficient reason for which the employment of this principal may be terminated pursuant to La.R.S. 17:444(B), which is part of the Louisiana Teacher *Page 4 
Tenure Law.[2] Therefore, the employment contract between the Board and this principal remains valid and enforceable.
We trust this adequately addresses your concerns. If you have any additional questions, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 __________________________ DENISE M. BROU Assistant Attorney General
 JDC:DMB:lbw
 Attachment
[1] Policy Manual of the Rapides Parish School Board, Section G on Personnel, Subsection GBDA, Employment of Administrative and Supervisory Personnel — Selection Process.
[2] La.R.S. 17:441 et seq.