HON. A. M. BUCHANAN,
HON. A. VOORHIES,  } *Associate Justices.*
HON. A. DUFFEL,

---

JAMES STEVENS *v.* MARCUS WALKER.

Public places within the limits of a corporation cannot be appropriated to private use, and individual corporators, as well as the officers of the corporation, have the right to prevent such appropriation, and to sue for the demolition and removal of buildings erected on them by individuals.

Where a party, with the sanction of the Mayor and Common Council of the Town of Franklin, erected a wharf and warehouse upon the banks of the Bayou Teche, in front of a public square—*Held:* That such improvements were authorized by the Act of 1857, entitled "An Act authorizing front proprietors on the Bayou Teche to erect wharves and warehouses upon the forty feet from the bayou, which are dedicated to public use."

This Act of 1857 is not unconstitutional. It does not confer unlimited power upon the municipal authorities to transfer the public property, to the exclusive use and control of individuals. The erection of the wharves and warehouses therein authorized must be subservient to commerce ; otherwise the privilege is abused, and the courts will grant the public the adequate remedy.

APPEAL from the District Court of the Parish of St. Mary, *Simon*, J. *J. W. Walker*, for plaintiff. *J. G. Olivier*, for defendant and appellant.

VOORHIES, J. The plaintiff contends, that the wharf and warehouse put up by the defendant on the banks of the Bayou Teche, in the town of Franklin, are nuisances, the abatement of which any citizen has the right to demand. The legal proposition here assumed is undoubtedly correct ; for, said the court in the case of *Herbert* v. *Benson*, " it has been so often and so uniformly held by the former Supreme Court, that public places within the limits of a corporation cannot be appropriated to private use, and that individual corporators, as well as the officers of the corporation, have the right to prevent such appropriation, and to sue for the demolition and removal of buildings erected on them by individuals, that the question can no longer be considered an open one." 2 An. 770.

73

But the question in the case under consideration is, whether the banks of the river have been appropriated to private use, to the detriment of the public.

The statute of 1857 entitled "An Act authorizing front proprietors on the Bayou Teche to erect wharves and warehouses upon the forty feet from the bayou, which are dedicated to public use," provides : " That within the limits of incorporated towns, the Mayor and a majority of the Town Council of said town may authorize the construction of wharves, warehouses and other buildings in front of all public squares that may be bounded by the bayou ; and all wharves, warehouses, or other buildings, which may have been erected with the consent of the Mayor and a majority of the members of the Town Council of any incorporate town, may remain where built, upon such terms as may have been agreed upon between the lessees and Mayor and Town Council." Session Acts, p. 132 sec. 3.

The defendant's wharf and warehouse are situated upon the banks of the Bayou Teche, and, in the rear, lie adjacent to a public square. So that this Act covers these improvements, the same having received the sanction of the Mayor and of the Common Council of the town of Franklin.

The constitutionality of this statute is assailed on the ground that the vested rights of the public are divested without an adequate compensation previously paid. If the effect of this legislation was to defeat the rights of the public by a transfer of the public property to the exclusive use and control of private individuals, the position assumed by the plaintiff would not be without force. But the statute is susceptible of a different construction, and does not, in our opinion, confer such unlimited powers upon the municipal authorities. The erection of these wharves and buildings, instead of being detrimental, must necessarily be subservient to commerce ; otherwise the privilege is abused, and the courts will grant the public the adequate remedy.

The evidence on record establishes conclusively, that the works of the defendant, far from being a nuisance, are highly convenient and advantageous to commerce and navigation ; that great facilities are extended to steamboats, vessels and other crafts, free from expense or contribution ; that consignees of goods and merchandise in the town of Franklin, and of planters generally, are benefited alike by the warehouse, as well as by the wharf, without additional charges ; that the same facilities and benefit are extended to shippers ; and that passengers and travellers reap alike advantages. On the other hand, it is not pretended that any one has been injured or incommoded in the least, unless it be the speculative loss which some merchants in the neighborhood fancy they experience, from the fact that the defendant's business is made more prosperous on account of the position he occupies. But surely this is not a test by which to determine whether these works are or not a public nuisance. Nor do we, under the circumstances of this case, attach much importance to the fact, that the defendant keeps a dry-goods store in his warehouse, when it is shown that nothing would be made by putting an end to this branch of his industry.

We are at a loss to understand how works so useful to the whole community, and which prove detrimental or inconvenient to no one in particular, can be assailed as a nuisance.

There is no foundation for the plaintiff's demand.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff's demand be rejected with costs in both courts.