No. 14,237.

D. W. HUDSON ET AL. VS. POLICE JURY OF CLAIBORNE PARISH.

### SYLLABUS.

1. Taxpayers of a parish have the right to implead the Police Jury and call in question the legality or constitutionality of any act or ordinance of that body.
2. Act No. 24 of 1870, which prohibits Police Juries from making appropriations for, or authorizing expenditures upon, public roads until provision for meeting the same shall have been made by laying a *special tax* on all the real and personal property in the parish, and which declares that payment for work performed or material furnished for constructing or repairing roads shall not be made from any other fund or funds of the parish, is distinctly modified, if not repealed, by Art. 291 of the Constitution of 1898, which authorizes Police Juries to set aside at least one mill of the annual parish tax for roads and bridges.

A PPEAL from the Third Judicial District, Parish of Claiborne— *Edwards, J.*

*Richardson & Richardson,* for Plaintiffs, Appellants.

*James Edward Moore,* and *J. C. Theus,* District Attorney, for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J.   Tax-payers of a parish have the right to implead the Police Jury and call in question the legality of any act or ordinance of that body.

That is what is done in this case.

In July 1901 the Police Jury of the Parish of Claiborne adopted an ordinance authorizing and providing for the purchase of a road machine, and other tools necessary for a road-making outfit, together with six mules, and for the hiring of a competent man to operate the machine on the roads.

It authorized a warrant to be drawn on the treasury for an amount sufficient to pay for the machine, outfit and mules, and for the necessary operating expenses.   The amount was $2300.00.

Plaintiffs attack the ordinance as illegal, *ultra vires* and void, and enjoin its execution.

Their contention is that only funds raised specially for that purpose can be expended by Police Juries on roads, and that the funds authorized in this instance to be warranted on are not funds specially raised for road purposes.

Their further contention is that the system of working the public roads by the appointment of road overseers and the calling out of hands subject to road duty having been theretofore adopted by the jury and being still in vogue, no other mode of working the roads can be resorted to until the repeal of the first.

They contend, further, that the jury may not levy a tax for a purpose not embraced in its annual budget of expenditures, and assert that the budgets for the years 1900 and 1901 contain no item calling for funds to be expended in the construction, repair and maintenance of roads.

Lastly, they claim that the jury have, by the ordinance referred to, contracted a debt without making provision for its payment, as the law requires under penalty of nullity.

We learn from defendant's answer and from the proof administered that there was, when the ordinance was adopted, and is now, in the general fund of the parish an amount in excess of the sum required to purchase the outfit and do the work contemplated by the ordinance, and that this amount was a surplus in the sense that it was not required for other parish expenses and had not been appropriated for other purposes.

We learn, further, that the budget of estimative parochial expendi-

tures for the year 1900 and that for 1901 contained, each, an item of $2000.00 reading as follows:—"For bridge, lumber and road supplies."

The trial judge rejected plaintiffs' demand and dissolved the injunction. They appeal.

*Ruling*—It is not true as a matter of law that the system, so long in vogue, of working the public roads by the appointment of road overseers and the calling out of hands subject to road duty, is preclusive of other methods. It would be regretable, indeed, if such were the case. The Police Juries in the respective parishes are compelled, in many, perhaps for the present in most instances, to adhere, from the force of circumstances, to the old system, but the demand of the times is for more progressive methods, and where it is possible to put these in operation it may be done, and this, too, without stopping to repeal the old ordinances providing for the appointment of road overseers and the allotment of road hands. It might be advisable, in some instances, to use in part the old system and adopt in part newer and better methods, and, therefore, not the part of wisdom to repeal the old.

It was entirely competent for the defendant jury to allot all of the $2,000.00 itemized on the budget of 1900, and of the $2,000.00 itemized on the budget of 1901, for "bridge, lumber and road supplies" to the purchase of a road-making and repairing outfit.

It is not shown by the plaintiffs that this money was not on hand, when the ordinance complained of was passed, or enough of it to pay the $2,300.00 required under the ordinance. And it is not objectionable that part of the $2,300.00 is to be used in operating the outfit on the roads.

There was a large surplus unused in the treasury and for aught to the contrary that is found in the record of the case, it may have arisen from the theretofore non-expenditure of the funds budgeted for road and bridge supplies in 1900 and 1901. The obvious meaning of "road supplies" as here used is that the money raised under that head was to be expended on the public roads. If tools or implements were needed they could be purchased and other expenses necessary to road-making and repair could likewise be paid.

Act No. 24 of 1870, which prohibits Police Juries from making appropriations for, or authorizing expenditures upon public roads until provision for meeting such appropriations or expenditures shall have been made by laying *a special* tax on all the real and personal prop-

erty in the parish, and which declares that payment for work performed or material furnished for constructing or repairing roads shall not be made from any other fund or funds of the parish, is distinctly modified, if not repealed, by Art. 291 of the Constitution of 1898, which authorizes Police Juries to set aside at least one mill of the annual parish tax for the purpose of constructing, maintaining and repairing the public roads and bridges. See Logan vs. Parish of Ouachita, 105 La. 500.

We fail to perceive why, under the authority of this Article, defendant jury could not make use of the surplus funds shown to be in its treasury to an amount sufficient to meet the expenditure authorized by the ordinance attacked.

By so doing the jury was but designating or setting aside for road improvement purposes that much of the parish tax that had been theretofore levied and collected, and it was doing this, too, without trenching upon means needed to meet other parochial expenses estimated for in the budget.

Nor is this a case where the Police Jury has contracted a debt without making provision for its payment. It made the best possible provision for its payment; it ordered the debt paid by warrant drawn on available cash in its treasury.

There is no merit in the demand of the plaintiffs, but we do not think this a case where they should be mulcted in damages on account of the injunction sued out, even to the extent of a sum for attorney's fees.

Judgment affirmed.