301 So.2d 715 (1974)
Dan MELANCON, Plaintiff and Appellant,
v.
POLICE JURY OF LAFAYETTE and Lafayette Regional Planning Commission, Defendants and Appellees.
No. 4696.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
*716 Jack C. Fruge, of Domengeaux & Wright, Lafayette, for plaintiff and appellant.
Ronald E. Dauterive, Lafayette, for defendants and appellees.
Before CULPEPPER, MILLER and WATSON, JJ.
CULPEPPER, Judge.
Plaintiff, Dan Melancon, seeks a writ of mandamus ordering the Police Jury of the *717 Parish of Lafayette and the Lafayette Regional Planning Commission to revoke their formal approval of a subdivision plat. The defendants filed their pleading, styled "Exception of No Right or Cause of Action", on the grounds that "the petition for mandamus filed herein fails to state any standing or right of petitioner to bring this action, the remedy of mandamus is inappropriate for the relief sought, the averments of petitioner are vague and insubstantial, and the relief sought by petitioner does not amount to the performance or nonperformance of a ministerial function and for this further reason, the procedural vehicle of mandamus is not appropriate." The trial court sustained the exception of no right or cause of action, and plaintiff appealed.
The issues are: (1) Does the plaintiff have a right of action? (2) Is mandamus, a summary proceeding, the proper procedure to assert the invalidity of the formal approval of the subdivision plat?
In September, 1972, the Lafayette Regional Planning Commission approved a subdivision plat for Holiday Garden Subdivision Development #3, owned by Mr. Joseph C. Anzalone. The approval of the plat included a block on the easterly side of Thomas Nolan Drive measuring approximately 2,053.54 feet. Plaintiff applied to the Lafayette Regional Planning Commission and the Police Jury of the Parish of Lafayette seeking to revoke their approval of the subdivision plat.
The basis for his application was that the approval was granted in violation of a regulation promulgated by the Planning Commission on September 23, 1971, which states "Block lengths shall not exceed 1500 feet between street lines or be less than 500 feet between street lines", Regulations Governing the Subdivision of Land in Lafayette Parish, Louisiana, Section 3, Part D. Subpart 3. The application of the plaintiff was denied by the Regional Planning Commission as well as the Police Jury of the Parish of Lafayette. Thereupon plaintiff filed his petition for a writ of mandamus. Defendants filed their exception of no cause or right of action.
First, we must determine whether plaintiff has alleged a special interest in the ruling of the Planning Commission such that he had a right to bring this suit. A citizen and taxpayer cannot seek mandamus to compel the performance of a duty by a public board, officer or commission, unless it is first established that he possesses a special interest in having the law enforced, which interest sets plaintiff apart from the general public as a whole, Bussie v. Long, 286 So.2d 689 (La.App.1st Cir. 1973), writ refused 288 So.2d 354 (La.1974). Taxpayers have the right to seek judicial intervention to restrain public officials from "transcending their lawful powers, or violating their legal duties in any unauthorized mode which will increase the burden of taxation or otherwise injuriously affect the taxpayers or their property," Donaldson v. Police Jury of Tangipahoa Parish, 161 La. 471, 109 So. 34, 38 (1926); Roussel v. Noe, 274 So.2d 205, 210 (La.App.1st Cir. 1973) (Emphasis supplied)
"However, the fact that the taxpayer's interest might be small and not susceptible of accurate determination is not sufficient to deprive him of his right of action ... nor in our opinion is it necessary to a right of action for him to show anything other than facts from which may be drawn the conclusion that his interests as a taxpayer or property owner are or may be adversely affected," Cully v. City of New Orleans, 173 So.2d 46, 49 (La.App.4th Cir. 1965). (Emphasis supplied)
Appellant's property lies east of Holiday Gardens Subdivision Development # 3. His property is immediately adjacent to the lots in the subdivision which front on Thomas Nolan Drive. The block in question is formed along the westerly side of these lots. Plaintiff alleges in paragraph 7 of his petition: "Approval of Holiday Garden Subdivision Development # 3 by *718 our Commission is in contravention and violation of its own regulation and the personal and property rights of petitioner are prejudiced by this breach."
Plaintiff does not allege in his petition, nor is there any evidence in the record to show in what specific way his personal and property rights have been adversely affected. In his brief, appellant argues "The minutes as referred to earlier contained reasons for judgment reflecting Judge Babineaux's belief that Dan Melancon did not live within the subdivision in question and was therefore without the right to litigate this matter. It is respectfully asserted that, although counsel is unable to find jurisprudence directly on the point, it is only logical that the owner of adjacent land to that area within which there has been an alleged breach of subdivision regulations, does have a standing to pursue the correction of that breach in that his property is directly affected thereby.
"More particularly this Honorable Court can appreciate the ingress, egress availability which has been diminished as a result of the Commission's approval of that Development # 3 as submitted by Joseph C. Anzalone. This would, or course, almost surely affect the value of appellant's property. Additionally, to overcome this shortcoming, Mr. Melancon, in any future development of his property, would be forced to place certain roadways in such position and quantity that one could easily "envision a greater cost to be borne by him as direct result of Mr. Anzalone's lengthy block. Both of these probabilities indicate that Mr. Melancon has been actually harmed by the Commission's approval and thus he should have his right to appear and seek retribution for that harm by having the proper government officials ordered to obey those regulations which they themselves have enacted."
At the present time, appellant's property is undeveloped and there are no immediate plans to develop it. But the appellant is only required to show that his interests as a taxpayer or a property owner are or may be adversely affected, Cully v. City of New Orleans, supra.
From the pleadings and the evidence the inference may be fairly drawn that the appellant as a property owner or a taxpayer may, in the future, be directly affected by the approval of the subdivision plat for Holiday Garden Subdivision Development # 3. When he develops his property, he may be forced to install streets which he would not need to provide had the block length been shortened along Thomas Nolan Drive. The cost of these additional streets may prohibit the future development of the plaintiff's property.
In his oral reasons for judgment the district judge held "That the plaintiff, Mr. Melancon, does not have the property right within the subdivision in question and for the additional reason that the court does not find that he does have any monetary interest involved within the subdivision itself." Under the above jurisprudence, appellant is not required to show that he has any property or monetary interest in the subdivision itself. We conclude that since appellant has alleged his interests as a taxpayer or property owner are or may be adversely affected, the judgment sustaining the exception of no right of action must be overruled.
The next problem that we must resolve is whether appellant has employed the proper form of proceeding, i. e., writ of mandamus. Defendants filed a pleading which is styled "Exception of No Right or Cause of Action", in which they allege the following:
"2.
The remedy of mandamus is inappropriate for the relief sought.
"3.
The averments of petitioner are vague and insubstantial.

*719 "4.
The relief sought by petitioner does not amount to the performance or nonperformance of a ministerial function and for this reason, the procedural vehicle of mandamus is not appropriate."
In sustaining this portion of the exception of no right or cause of action, the trial judge held: "That the remedy requested in this manner is the improper one to ask at this time."
Though the pleading is styled an exception of no cause of action, the allegations in the exception and the ruling of the trial judge clearly indicate that the defendants' objection is based on the fact that the appellant has not employed the proper form of procedure. LSA-C.C.P. Article 926 provides:
"The objections which may be raised through the dilatory exception include, but are not limited to, the following:...
(3) Unauthorized use of summary proceeding;"
Defendant's exception, therefore, is properly a dilatory exception on the ground that the appellant seeks an unauthorized use of the writ of mandamus, a summary proceeding.
In Deville v. City of Oakdale, 180 So.2d 556, 558 (La.App.3rd Cir. 1965), we held:
"A reading of LSA-C.C.P. Articles 3861-3863 shows that a writ of mandamus may be issued directing a public officer or corporation to perform `a ministerial duty required by law'. Our jurisprudence is established that mandamus lies only to compel the performance of purely ministerial duties, or to correct an arbitrary abuse of discretion, and that it will not be issued in doubtful cases." (Citations omitted)
The duty of a regional planning commission to approve or disapprove a subdivision plat is clearly not a ministerial duty, but one in which the commission exercises legislative discretion based upon the data presented to it, LSA-R.S. 33:101 et seq. Pretermitting the question whether the Commission abused its discretion when it approved the subdivision plat with a block in excess of the length permitted by its own regulations, we base our decision upon another ground.
LSA-C.C.P. Article 3862 provides:
"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice."
See also State ex rel. Summitt Fidelity & Surety Company v. Police Jury of Rapides Parish, 131 So.2d 623 (La.App.3rd Cir. 1963). Appellant seeks a writ of mandamus ordering the Police Jury and the Planning Commission to revoke its approval of the subdivision plat. He argues that the approval was not validly granted because the subdivision contains a block length in excess of that permitted by the regulations of the Planning Commission. In essence, appellant is merely attacking the validity of the approval which could be asserted by filing an action to declare the formal approval by the Planning Commission and Police Jury invalid, or some other form of ordinary proceeding.
At the present time, appellant's property is undeveloped and there are no immediate plans to develop it. Appellant has not shown in his petition or by other evidence that the delays involved in obtaining ordinary relief would cause any injustice to him as a taxpayer or to his property. Thus, appellant is not entitled to a writ of mandamus but must seek his relief by ordinary process.
For the reasons assigned, the judgment appealed is reversed insofar as it sustains the exception of no right of action. The exception of no right of action is overruled. The exception which objects to proceeding *720 by mandamus is sustained. All costs of this appeal are assessed to plaintiff.
Reversed in part and affirmed in part.
MILLER, J., concurs and assigns reasons.
MILLER, Judge (concurring).
I agree that the trial court correctly held that plaintiff must seek his relief by ordinary process. It is therefore unnecessary for us to consider the question of whether or not plaintiff has a right of action. I respectfully refuse to join in that portion of the opinion.