528 So.2d 1048 (1988)
CITIZENS ORGANIZED FOR SENSIBLE TAXATION (C.O.S.T.), Plaintiffs-Appellants,
v.
ST. LANDRY PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 87-592.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*1049 Darryl J. Hebert, Eunice, for plaintiffs-appellants.
Young & Burson, I.J. Burson, Jr., Eunice, Fred Benton, Jr., Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
KING, Judge.
The sole issue presented on appeal is whether or not the trial court erred in dismissing plaintiff's suit.
The Citizens Organized For Sensible Taxation, an unincorporated association of residents of St. Landry Parish, Louisiana (hereinafter plaintiffs), filed suit for a writ of mandamus against the St. Landry Parish School Board, its Superintendent of Schools, Henry DeMay, and its individual members, Bufort Godeau, Joshua J. Pitre, John Miller, Jack D. Ortego, Jackie S. Beard, Ronald Carriere, G.R. Breaux, Jr., Dale Richard, Patty S. Prather, Gilbert Austin, Jr., Chester Wimberly, Clifton T. Clause, Jr., and Clifford A. Broussard, Jr. (hereinafter defendants), alleging that the defendants had no responsible, competent or reasonable plan for consolidation, construction, and improvement of educational facilities in St. Landry Parish, Louisiana which would justify the assessment of ad valorem taxes and sought to compel defendants to adopt such a plan. The suit was initiated after a proposition to the registered voters of St. Landry Parish, Louisiana was approved on a May 3, 1986 ballot, authorizing defendants to issue bonds for the purpose of enlarging and improving the educational system within St. Landry Parish, Louisiana, and to levy additional ad valorem taxes for the purpose of retiring the bonds. Defendants filed dilatory and peremptory exceptions including an exception of no cause of action. The trial court sustained the exception of no cause of action and ordered plaintiffs' suit for mandamus dismissed. Plaintiffs appeal. We affirm the dismissal of plaintiffs' suit.

FACTS
On May 3, 1986, the following proposition on a ballot was approved by the voters of St. Landry Parish, Louisiana:

*1050 "Shall Consolidated School District No. 1 of the Parish of St. Landry, State of Louisiana, incur debt and issue bonds to the amount not to exceed $28,000,000 to run twenty-five (25) years from the date thereof, with interest at the maximum rate of twelve percent (12%) per annum, for the purpose of air conditioning school buildings; constructing, acquiring and erecting new high schools; acquiring and/or improving lands for building sites; and acquiring, constructing, erecting and improving other school buildings and related facilities, within and for Consolidated School District No. 1 of the Parish of St. Landry, State of Louisiana, and acquiring the necessary equipment and furnishings therefor, title to which shall be in the public, said bonds to be retired from the avails of property taxes levied and collected within the limits of Consolidated School District No. 1 of the Parish of St. Landry, State of Louisiana, as authorized by Article VI, Section 33 of the Louisiana Constitution of 1974, and from any state revenue sharing moneys made available to reimburse said Parish for property taxes not collected because of the homestead exemption, as authorized by Article VII, Section 26(E) of the Louisiana Constitution of 1974?"
Subsequent to the ballot approving the proposition, the defendants, in accordance with La.R.S. 47:1705, set the tax rate and directed the St. Landry Parish Tax Assessor to levy an ad valorem tax on the property in the school district to retire the bonds authorized by the voters. The establishment of a tax rate, pursuant to La.R.S. 39:569, by defendants is authorized by Art. 8, § 13 of the Louisiana Const. of 1974, which provides in pertinent part:
"For giving additional support to public elementary and secondary schools, any parish, school district, or sub-school district, or any municipality or city school board which supports a separate city system of public schools may levy an ad valorem tax for a specific purpose, when authorized by a majority of the electors voting in the parish, municipality, district, or subdistrict in an election held for that purpose. The amount, duration, and purpose of the tax shall be in accord with any limitation imposed by the legislature."
On December 30, 1986, plaintiffs, as taxpayers, voters, and property owners, filed suit against the St. Landry Parish School Board, its Superintendent, and the individual School Board members. Plaintiffs' suit alleged the failure of defendants to properly implement a plan to utilize the newly acquired funds (hereinafter the funds) to be derived from the proceeds of the bonds to be issued by defendants under the authority of the proposition, and which the ad valorem tax would be used to retire. In particular the plaintiffs alleged the following:

"7.
Defendants have no responsible, competent, reasonable, or economically feasible plan which can justify the assessment of ad valorem taxes at this time.

* * * * * *

8.
As an alternative to the contention in Paragraph 7, Petitioners do hereby contend and assert that if any plan or specific purpose for consolidation, construction, and improvement in the educational system of St. Landry Parish does exist, such plan is arbitrary, capricious, and unreasonable in that it necessitates a superfluous waste of funds, and is an egregious abuse of authority and is in derogation of Petitioners' constitutional right to expect a specific purpose and/or responsible plan to accompany the levying of taxes which were approved and supported by Petitioners ...

9.
Also, as an alternative to the contentions in Paragraph 7, if any plan for the consolidation, construction, and improvement in the educational system does exist, such plan will be to discriminate against certain racial classifications in the Parish of St. Landry Parish by ultimately impacting adversely on the present proportions of black and white *1051 students enrolled in public schools in certain areas of the parish ...

10.
Additionally, any specific purpose or plan which exists for the consolidation, construction, and improvement of educational facilities in the Parish of St. Landry is arbitrary, capricious, unreasonable, and cannot be justified, since such plan completely ignores the present economic realities facing the citizens, businesses, and agricultural entities of the Parish of St. Landry.

11.
The absence of a specific purpose or plan ... constitutes a willful disregard for, and an obstinate repudiation of, Defendants' mandatory and ministerial duty to formulate a reasonable, fair, practical, and economically feasible plan or specific purpose to accompany the levying of taxes to retire the bonds authorized by the election of May 3, 1986, which plan or specific purpose Petitioners are entitled to under the Due Process and Equal Protection Clauses of the Constitution of the United States ..."
The plaintiffs requested a writ of mandamus directed to the defendants ordering and directing them to adopt a fair and reasonable plan for the expenditure of the funds. In the alternative to the writ of mandamus, plaintiffs requested a declaratory judgment determining that the defendants' plan adopted for the expenditure of the funds is unreasonable or is violative of the constitutional right of the plaintiffs or is racially discriminatory or is an abuse of authority.
Without issuing written reasons for judgment, the trial judge rendered judgment on February 23, 1987, granting defendants' exception of no cause of action and dismissing plaintiffs' suit for a writ of mandamus and the alternative request for declaratory judgment. The judgment of dismissal further recognized that, pursuant to stipulations between the parties, the levy or collection of property taxes under the proposition approved by the St. Landry Parish voters on May 3, 1986 would not be prevented by the plaintiffs' suit.

LAW
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Cupp v. Federated Rural Electric Ins. Co., 459 So.2d 1337 (La.App. 3 Cir.1984).
While the plaintiffs refer to the proposition passed by the voters of St. Landry Parish, it is not the proposition authorizing the issuance of bonds or the method of collection of taxes to retire the bonds that they contest. The plaintiffs contest the levy of the ad valorem tax to retire the bonds. The gravamen of plaintiffs' complaint is the failure of defendants to properly plan and appropriate the funds in such a fashion so as to benefit the educational facilities of the parish as a whole. Plaintiffs contend defendants adopted no such plan or, if one was adopted, that it was unconstitutional, racially discriminatory, or an abuse of authority.
The plaintiffs requested a writ of mandamus to be issued directed to the defendants ordering them to present a fair, reasonable, practical, and economically feasible plan or specific purpose which can justify the levy of the ad valorem property taxes to retire the bonds authorized by the tax proposition passed on May 3, 1986.
The defendants asserted in their dilatory and peremptory exceptions that:
"Plaintiffs' petition discloses no cause of action for the following reasons:
(c) Plaintiffs' claim that the School Board does not have a `reasonable, fair, practical and economically feasible plan or specific purpose to accompany the *1052 levy of taxes' addresses itself to the wisdom of and timing of the exercise of discretionary powers vested in the School Board and does not present a justiciable question or any matter subject to judicial review.

* * * * * *
4. Plaintiffs' petition for writ of mandamus constitutes an unauthorized use of summary proceedings in that the actions of the School Board complained of do not constitute purely ministerial duties within the meaning of Code of Civil Procedure, Article 3863.

* * * * * *
5. Plaintiffs' petition for writ of mandamus and declaratory judgment constitutes an improper cumulation of summary and ordinary proceedings in violation of Code of Civil Procedure Article 462(2)."
A writ of mandamus only applies to those duties which are owed to the public and are purely ministerial.
This court in Melancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App. 3 Cir. 1974), discussed the proper basis for the request and issuance of a writ of mandamus. There, the plaintiff requested the writ to order the Police Jury to revoke their approval of a subdivision plat. In affirming the denial of the writ we stated:
"The duty of a regional planning commission to approve or disapprove a subdivision plat is clearly not a ministerial duty, but one in which the commission exercises legislative discretion based upon the data presented to it, LSA-R.S. 33:101 et seq. Pretermitting the question whether the Commission abused its discretion when it approved the subdivision plat with a block in excess of the length permitted by its own regulations, we base our decision upon another ground.
LSA-C.C.P. Article 3862 provides:
`A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.'

* * * * * *
Thus, appellant is not entitled to a writ of mandamus but must seek his relief by ordinary process." Melancon at 719.
The purpose of a writ of mandamus is to compel the performance of a duty owed to the person requesting the duty. The key word is "owed"; it cannot simply be an interest that is owed to the general public as a whole, the plaintiff must establish he possesses a special interest in having the law enforced. Bussie v. Long, 286 So.2d 689 (La.App. 1 Cir.1973), writ denied, 288 So.2d 354 (La.1974).
In the present case, the plaintiffs are seeking a writ of mandamus to compel the School Board to adopt a plan, for its expenditure of the funds derived from bonds issued pursuant to the tax proposition. Such a request clearly falls outside the realm of ministerial duties owed to the public by the defendants. The adoption of a plan by the School Board for expenditures of the funds is a discretionary function. While the School Board and the defendants, as public officials, are accountable to the public for their action, a writ of mandamus is not the appropriate vehicle to compel such accounting. The School Board may carry out its duties and responsibilities incidental to the development of the educational system, as long as the means selected are not prohibited by law or against public policy. Forgette v. Vernon Parish Police Jury, 485 So.2d 237 (La.App. 3 Cir. 1986); La. Teachers Ass'n v. Orleans Parish School Board, 303 So.2d 564 (La.App. 4 Cir.1974), writ denied, 305 So.2d 541 (La. 1975).
The defendants' peremptory exception of no cause of action is an appropriate procedural method to contest the allegations of plaintiffs which seek judicial intervention in the affairs of the School Board. The court must accept as true the allegations of fact in the plaintiffs' petition and determine whether they state a cause of action. Meldean's, Inc. v. Rivers, 410 So.2d 837 (La. App. 3 Cir.1982), writ denied, 414 So.2d 376 *1053 (La.1982); Delta Bank & Trust v. Lassiter, 383 So.2d 330 (La.1980).
After a review of the record, we find that plaintiffs fail to state a cause of action for mandamus in their petition and the judgment of the trial court denying the writ of mandamus is correct.
Plaintiffs have also made several allegations of wrongdoing and improper behavior on the part of the School Board in executing their official duties. While, as we stated, plaintiffs' allegations do not set forth grounds for issuance of a writ of mandamus, the allegations might support a cause of action against the defendants in a petition for declaratory judgment, which plaintiffs seek in the alternative to their request for mandamus, seeking adoption of a suitable and legal plan by defendants for expenditure of the funds.
A suit for declaratory judgment must be brought by petition as in an ordinary proceeding. See La.C.C.P. Arts. 851 and 1878. A suit for mandamus may be brought by a summary proceeding. See C.C.P. Art. 2592(6). Plaintiffs sought a writ of mandamus in this proceeding by a rule to show cause. See La.C.C.P. Art. 2593. Defendants also timely filed a dilatory exception of improper cumulation of actions, under La.C.C.P. Arts. 462(2) and 926(7), since plaintiffs sought to cumulate their suit for mandamus, which may be brought by summary proceeding, with their suit for declaratory judgment, which must be brought by an ordinary proceeding. Such a cumulation of actions is improper and the defendants' exception of improper cumulation of actions is well taken.
For these reasons the judgment of the trial court dismissing plaintiffs' suit is affirmed. All costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.