685 So.2d 289 (1996)
The CITIZEN COMMITTEE FOR BETTER LAW ENFORCEMENT, Plaintiff-Appellant,
v.
The CITY OF LAFAYETTE, et al., Defendants-Appellees.
No. 95-1630.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1996.
Writ Denied February 7, 1997.
*290 Jason Wayne Robideaux, Lafayette, for The Citizen Committee for Better Law Enforcement.
John William Miller, Lafayette, for City of Lafayette, et al.
L. Lane Roy, Lafayette, for Lafayette Parish School Board.
Glenn R. Ducote, Baton Rouge, for Richard P. Ieyoub, Attorney General of La.
Before KNOLL, THIBODEAUX, SAUNDERS, WOODARD and PETERS, JJ.
KNOLL, Judge.
This case presents a "taxpayer standing" issue. The Citizen Committee for Better Law Enforcement (Citizen Committee) brought suit against the City of Lafayette (City) and the Lafayette Parish School Board (School Board), seeking a declaratory judgment on the validity of a municipal ordinance which authorized the purchase by the City of immovable property owned by the School Board. The trial court granted the City and School Board's peremptory exception of no right of action, finding that the Citizen Committee lacked standing. We affirm.

FACTS
Lafayette Municipal Ordinance 0-4811 was enacted on February 1, 1994, authorizing the Mayor of Lafayette to execute an intergovernmental agreement with the School Board for the purchase of immovable property, commonly known as the Alice Boucher Property, for a price of $725,000. The property was to be the site of a new police station. On March 18, 1994, a cash sale and intergovernmental agreement was executed. In the cash sale, the City and School Board verified that the sale was authorized under Louisiana Local Services Law, La.R.S. 33:1321, et seq. and approved by the Office of the Louisiana Attorney General pursuant to Attorney General Opinion 93-619.
On October 31, 1994, the Citizen Committee, an unincorporated association of taxpaying citizens, filed suit against the City, the School Board, and the State of Louisiana. The Citizen Committee asserted that ordinance 0-4811 and the ensuing sale were invalid since they violated La. Const. art. VII, § 14, and La.R.S. 41:891 and 892, which they assert require a sale by auction. Soon thereafter, the Citizen Committee abandoned its constitutional allegations, removing the necessity of the State having to appear as a party.
The City and the School Board both filed exceptions of no right of action, challenging the Citizen Committee's standing to bring suit. On May 19, 1995, the trial court granted the peremptory exception, holding that the Citizen Committee had not proved an increase in its tax burden, that there was no justiciable controversy, and that the Citizen Committee lacked standing to bring suit. The Citizen Committee appeals this judgment of the trial court.

TAXPAYER STANDING
The jurisprudential requirements of standing and justiciability serve an important function as the gatekeepers of our courts. They are imposed to ensure a fair presentation and development of the issues by truly adverse parties. The requirement of standing is satisfied if it can be said that the plaintiff has a legally protectable and tangible interest at stake in the litigation. Richardson v. Reeves, 600 So.2d 138 (La. App. 2 Cir.1992). The foundation of our standing requirement is La.Code Civ.P. art. 681, which provides: "Except as otherwise provided by law, an action can be brought *291 only by a person having a real and actual interest which he, asserts."
Ordinarily, without a showing of some special interest in the performance sought of a public board, officer, or commission which is separate and distinct from the interest of the public at large, a plaintiff will not be permitted to proceed. A well established exception to this rule exists in the case of taxpayer suits. In Bussie v. Long, 286 So.2d 689 (La.App. 1 Cir.1973), writ denied, 288 So.2d 354 (La.1974), the court summarized the exception, stating:
Our own jurisprudence also recognizes that the requirement of a peculiar and special interest in the performance of an official duty exists and is satisfied in those instances wherein it is charged that an unlawful performance of a duty, or refusal to perform, by a public official, discriminates against a citizen-taxpayer by either increasing his tax burden or otherwise injuriously affecting the taxpayer or his property.
* * * * * *
To the same effect, see Cully v. City of New Orleans [ 173 So.2d 46 (La.App. 4 Cir.1965), writ denied, 247 La. 873, 175 So.2d 109.], above, which extended the rule by holding that the magnitude of plaintiff's right is of no consequence. Cully, above, also held that, notwithstanding plaintiff's right might be slight or difficult of measurement, it does not deprive plaintiff of his right of action.
Bussie, 286 So.2d at 696.
In League of Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980), the Supreme Court cited Bussie in recognizing the taxpayer's exception to the requirement of a particular or special interest, stating:
when a public official charged with the unlawful performance or the refusal to perform a legal duty discriminates against a taxpayer by increasing his tax burden or otherwise injuriously affecting his person or property, the taxpayer need not show such an interest in order to sustain a right of action.
League of Women Voters, 381 So.2d at 447.
In Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La.1991), the Supreme Court again addressed the issue of taxpayer standing, and summarized the development of jurisprudence with regard to taxpayer suits:
Our jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Under Louisiana law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). The fact that the taxpayer's interest may be small and insusceptible of accurate determination is not sufficient to deprive him of the right. Id.

* * * * * *
In League of Women Voters we were careful to point out that unlike a citizen attempting to compel the performance of a public duty, a citizen attempting to restrain unlawful action by a public entity is not required to demonstrate a special or particular interest distinct from that of the public at large. Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable. See Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963); Stewart v. Stanley, supra.
The plaintiffs herein seek declaratory and injunctive relief. They clearly are attempting to restrain action by the Calcasieu Parish School Board. Consequently, in order to have standing they are not required to demonstrate a personal or special interest which is separate and distinct from the interest of the general public. They must merely assert a real and actual interest in the action before we will entertain their suit. *292 Louisiana Associated General Contractors, Inc., 586 So.2d at 1357-1358. (Emphasis added), (Footnote omitted).
In the case sub judice, the Citizen Committee seeks to restrain the actions of the City and the School Board, and alleges that the intergovernmental agreement authorizing the sale of the property is a violation of La.R.S. 41:891, et seq. Nevertheless, the Citizen Committee is unable to demonstrate that the sale of the property has caused an increase in the tax burden or has caused injury to the public fisc.
The parties stipulated that the Alice Boucher tract had stood vacant for several years prior to the sale, and that the School Board had tried several times to sell the property without success. The property was appraised on December 27, 1991 at a value of $725,000, and it was purchased for that same amount on March 18, 1994. The Citizen Committee has not alleged that this amount was not the fair market value of the property. In addition, we note that since this is an intergovernmental agreement between two Lafayette Parish entities, any gain by one public entity would be offset by an identical loss to the other. Therefore, the net effect on the public fisc and the net increase in the tax burden is zero.
Even though a taxpayer is unable to show an increase in his tax burden, he may still have standing if he can show that he or his property have been "otherwise unjustly affected." As a result, the central issue in the case sub judice is whether the Citizen Committee can show an interest in the controversy under the standards set forth in Louisiana Associated General Contractors, supra. We note that although the plaintiff organization is relieved of the burden of showing a special or particular interest in the controversy, it is not absolved of the requirement of showing an interest altogether. The Citizen Committee must show a real and actual interest under La.Code Civ.P. art. 681.
A review of the recent jurisprudence reveals that even when attempting to restrain governmental action, a plaintiff must have a real and actual interest which he asserts. In Louisiana Associated General Contractors, the plaintiff association was attempting to restrain the Calcasieu Parish School Board from requiring prevailing wage provisions in its public works projects, but was unable to demonstrate an increase in the tax burden. The court recognized that the plaintiff association was composed of contractors who actually engaged in the construction of public works projects, and that no one could have a more personal stake in the legality of public bid contracts than those bidding on the contracts. Furthermore, the court found that since the plaintiff association received its dues from the affected contractors, the deprivation of contracts would divest the association of member dues. Accordingly, the court held that under those circumstances, the plaintiff association had sufficient interest in the lawsuit.
In Meredith v. Ieyoub, 95-0719 (La.App 1 Cir. 4/4/96); 672 So.2d 375; writ granted, 675 So.2d 1094 (1996), the court held that an organization of taxpayers who were engaged in the business of oil and gas had standing to challenge the Attorney General's use of private law firms to enforce the state environmental laws on a contingent fee basis. In Meredith, the court noted that the taxpayers could not show an increase in their tax burdens. Nevertheless, they had sufficient interest in the controversy to confer standing in their capacity as oil businessmen because they feared the illegal use of contingency fee contracts would make them the targets of an "environmental witch hunt."
The Citizen Committee does not allege any interest in the sale of the Alice Boucher Property independent of its member's interest as taxpayers. The Committee is not a potential bidder for the property, and has no pecuniary interest in the transaction. The Citizen Committee merely asserts that they have been unjustly affected as taxpayers in that the allegedly improper sale operates as a "potential cloud" on the title of the property.
A similar circumstance was addressed by the court in Cully v. City of New Orleans, 173 So.2d 46 (La.App. 4 Cir.), writ denied, 247 La. 873, 175 So.2d 109 (La.1965). In Cully, citizens and taxpayers sought to restrain *293 the City of New Orleans from diverting the campus of the Delgado Trades School to uses not directly related to the operation of the school, in violation of the bequest of Isaac Delgado, who had donated the campus. Although the court noted that the fact that a taxpayer's interest might be small and not susceptible of accurate determination was not sufficient to deprive him of a right of action, the court concluded:
The most that can be said is that the City may possibly by its actions give the heirs of Isaac Delgado a legal right to revoke the donation, or may possibly discourage future benefactors from donating property or funds to the City for educational or eleemosynary purposes. The happening of either of these contingencies might result in additional tax exposure for the taxpayers of the City, but in our opinion they are entirely too problematical and remote to sustain a right of action in plaintiffs as taxpayers.
Cully, 173 So.2d at 49.
We find that the alleged "cloud on the title" of the property is insufficient to confer standing. Presumably, the alleged impropriety raises the possibility of lawsuits, such as the one filed by the Citizen Committee, which could affect the public fisc. However, the possibility of future lawsuits is too attenuated to satisfy the requirement of a real and actual interest.
The Citizen Committee has not shown an interest in the controversy sufficient to bring suit against the City and the School Board. It has not demonstrated that it or its members have been in any way affected by the allegedly illegal sale of the Alice Boucher Property to the City. The members of the committee do not assert any injury resulting from the sale except that they are taxpayers and they believe the sale was improper. They have not shown that a sale of the land by auction under La.R.S. 41:891 as opposed to a private sale under La.R.S. 33:1321, et seq., would have any effect on the public fisc or on them personally. Plaintiffs are unable to show even a general injury to the public as a whole. Without an injury that could be redressed, it cannot be said that the plaintiff has a legally protectable and tangible interest at stake in the litigation. Plaintiffs allegation that the sale is illegal is not in and of itself sufficient to confer standing on them as taxpayers, and their interests are not sufficiently affected to ensure a justiciable controversy is presented to the court.
We note that both parties cite Alliance for Affordable Energy v. The Council of the City of New Orleans, 96-0700 (La.7/2/96); 677 So.2d 424, in support of their arguments. In Alliance, the court found that the plaintiff association had adequately demonstrated a "burden on the tax base" to confer standing. The court also found that even the simple stated interest of "the health and welfare of the residents of Orleans Parish" was sufficient to confer standing when attempting to restrain government action.
Nevertheless, Alliance was a plurality opinion, with three judges dissenting and one concurring. Justice Johnson in her concurrence stated that she did not agree with the plurality opinion finding standing in favor of the plaintiffs. As a result, the holding of the plurality opinion is of little value as precedent and should properly be limited to the facts of that case only. See Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971).
La.Code Civ.P. art. 681 requires more than a merely academic interest in a controversy. Allowing any plaintiff to "bootstrap" the standing issue by simply adding to their petition the mere allegation of illegality defeats the entire purpose for having a standing requirement. The extension of standing without a showing of a real and actual interest would destroy the standing requirement's function as gatekeeper for our courts.
Civic organizations, such as the Citizen Committee, serve an important public function as watchdogs for good government. Their input and criticism often have a positive impact on governmental decisions, in that they sometimes require that our public officials consider problems carefully and act lawfully. Nevertheless, these organizations have no independent authority to govern, through the courts or otherwise. They are not elected officials, and the laws of justiciability apply to them the same way they apply *294 to all citizens. Since the Citizen Committee has failed to demonstrate any affect by the sale of the property by intergovernmental agreement rather than by auction, on either it or the public in general, standing must be denied.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, The Citizen Committee for Better Law Enforcement.
AFFIRMED.
PETERS, J., dissents and assigns written reasons.
THIBODEAUX, J., dissents for the reasons assigned by PETERS, J.
PETERS, Judge, dissenting.
I respectfully disagree with the majority in this case. The majority ignores the clear language of the supreme court in Alliance for Affordable Energy v. Council of City of New Orleans, 96-0700 (La.7/2/96); 677 So.2d 424, and requires the Citizen Committee for Better Law Enforcement to show an interest that is both significant and determinable in order to maintain its cause of action.
I agree that the Citizen Committee did not establish that any other sale procedure would have brought a higher amount than the complained-of sale, such as to create immediate damage to the public fisc, and did not show an immediate increased tax burden as a result of the sale. However, the fact that the adverse effect is not immediate does not preclude the pending action, and proof of an increased tax burden or damage to the public fisc is not the only way the Citizen Committee may satisfy the interest requirement to restrain a public body from allegedly unlawful action. In Alliance for Affordable Energy, 96-0700, p. 8; 677 So.2d at 429, although the supreme court concluded that there existed a burden on the New Orleans tax base, it also concluded that there was a stated interest in the "health and welfare of the residents of Orleans Parish," which was a sufficient reason to find standing, and that "plaintiffs are afforded a right of action upon a mere showing of an interest, however small and indeterminable."
Applying the supreme court's analysis to the case at hand, I conclude that the Citizen Committee has standing to bring this lawsuit. In addition to the tax-burden complaint, the Citizen Committee argues that it has standing because the property now belongs to the taxpaying citizens of Lafayette and that as taxpaying citizens, they have an interest in determining the legality of Ordinance Number 0-4811 because it operates as a potential cloud on the title of the property. The majority would find that a cloud on the title of public property constitutes only a possibility of future lawsuits and does not satisfy the requirement of interest. I respectfully disagree. If such a cloud exists in the future, it exists in the present and exists because of the present action of the public body. The fact that the future damage may be small and indeterminable at this time does not deny its existence. In my opinion, this satisfies the "small and indeterminable" interest requirement for standing. I would reverse the trial court and remand this matter for further proceedings.