Dear Chief Doyle:
We are in receipt of your request for an Attorney General's opinion regarding the salary of elected officials in the City of Harahan. We will restate the facts that are presented in your letter and attached documents.
Since 1984 through 1993, elected officials have been issued expense checks from the City of Harahan. These expense checks were issued without benefit of any receipts or vouchers being turned in by the officials. When the City Clerk was informed that this practice was unacceptable, the clerk began adding the monthly expense amounts into the salary of the officials. Apparently, the board of aldermen have never adopted a specific ordinance providing for the salary of officials in the City of Harahan, but by examining the city's annual operating budget, it is obvious that from 1992 through 1994, the salary line item for elected officials has been increased. The ordinance that has always been used each year to set the salaries for all employees has been the budget ordinance. Additionally, there is no ordinance which provides for all elected officials to receive an expense allowance except as provided with a line item for "Allowance for City Officials" in the budget each year beginning with the budget year of 1968.
Specifically, you have asked the following questions:
1. By accepting their salaries with the added amounts, have the elected officials now increased their salary during their term in office, according to R.S. 33:405(G)?
2. Since there had previously been no formal adoption of an ordinance setting forth the salary of the elected officials, is the method of combining salary and expenses a violation of R.S. 33:405(G)?
LSA-R.S. 33:404.1 provides:
The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of elected officials except as otherwise provided by R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected.
LSA-R.S. 33:405(G) provides:
G. Aldermen shall receive compensation as established by ordinance and may increase their compensation from time to time, but any increase in compensation shall not become effective during the term of office in which the increase is approved, and no increase in compensation made within the last six months of the term of office for aldermen shall be effective for the next succeeding term.
*2 These two statutes provide clear and consistent language. Should any increase in an elected official's salary be desired, R.S. 33:404.1
requires that increase to be issued by the board of aldermen through the enactment of an ordinance. The limitation in R.S. 33:404.1 referring to33:405(G) is involved only when the increase in salary shall become effective, not whether an alternative means exists for a salary increase.
In applying this analysis to the issue before us, we must first determine whether the additional funds applied to the salaries of the elected officials involved are an "increase" in salary as contemplated by these statutes.
The fact that the funds were previously designated "expense checks" or "expense amounts" has no bearing on our determination. These funds have been incorporated by the city clerk into the salary payments of the elected officials in an apparent attempt to avoid an unacceptable practice. However, in doing so, the clerk has increased the salaries of the elected officials without following the requirements mandated by R.S. 33:404.1 and 405(G).
Additionally, we refer to our earlier opinions which provide in general that all public employees "[s]hould submit receipts, or at a minimum, an adequately documented itemization of expenses actually incurred in the performance of their public duties in order to be reimbursed therefor. Otherwise, the expense allowance should be treated as additional compensation, and taxes must be withheld therefrom. If expense reimbursements are not adequately documented, and are not treated as additional compensation by withholding taxes, the allowances may be in violation of La. Const. (1974) Art. VII, Sec. 14." (Atty.Gen.Op. 92-716).
In response to your first question, it is the opinion of this office that the salaries of the elected officials have been increased by the adding of expense amounts to the salary, which is not in adherence to the above provisions of law. The law clearly sets forth that any salary increases are valid only if approved by the board of aldermen in ordinance form and only if the increases do not become effective during the term of office in which the increase is approved, nor made in the last six months of the term of office.
With respect to your second question, it seems apparent that the budget ordinance has been used each year to set the salaries for all employees of the City of Harahan. The budget ordinance certainly fits within the purview of R.S. 33:404.1, and this office has previously opined that while a better policy would be the adoption of a specific ordinance containing only the subject of salaries, an increase of salary for public officials may be allowed through an ordinance that adopts a budget reflecting the increase. (Atty.Gen.Op. 93-616).
Therefore, the requirement contained in R.S. 33:404.1 that if the salaries of the elected official were not properly increased by a prior administration, an ordinance be used to establish and/or raise an elected official's compensation does not mean that an ordinance be specific only to the salaries of these officials. A budget ordinance will suffice as a valid means for establishing and providing for salaries of municipal officers. However, the requirements of R.S. 33:404.1 and 405(G) are still applicable to the establishment of salary by budget ordinance.
*3 In response to your second question, it is the opinion of this office that the salary of the officials in the City of Harahan is provided for by the budget ordinance and the method of combining salary and expenses is not allowed by law. It needs to be determined whether the salaries were properly increased in the budget ordinance by a prior administration. The facts presented are insufficient for our office to make such a determination.
In the past we have opined that the Mayor or a taxpayer would have a right to claim return of compensation paid beyond the proper amount through court action under the rule that they may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duty in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property; citing Capedville v. N.O. S.F.R. Co., 110 La. 904,34 So. 868 (1903); Suarez v. Police Jury of St. Bernard, 203 La. 680,14 So.2d 601 (1943); Melancon v. Police Jury of Lafayette, 301 So.2d 715
(La.App. 1974). (Atty. Gen. Op. 93-616). However, it may be possible for an elected official to avoid litigation by returning any payments which were not authorized by law. Meanwhile, the board of aldermen should proceed to enact a specific ordinance which addresses the salary of the board to be effective for the next term, provided there is more than six months remaining in their present terms of office. The board should also specifically address their expense allowance, and require proof of expenses before reimbursement is made.
If you have any further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:pb/0287s